## Ray *v.* Hemphill.   Ray *v.* Haas.

Although a mere recital in a power of sale, contained in a mortgage given to secure the payment of money, that such power is coupled with an interest, would not of itself make it such a power, yet where the mortgagor plainly and unequivocally stipulated in the mortgage itself that the power of sale should be irrevocable, and thus, upon a valuable consideration, made the power a part of the contract given as security for a debt and conferred it for the purpose of effectuating that security, he was bound by the terms of this contract and could not himself revoke the power of sale. This is true irrespective of the questions whether in the absence of such a stipulation the power should be irrevocable by the mortgagor while in life, or whether it would by his death be *ipso facto* revoked.

December 2, 1895.

Petition for injunction.   Before Judge Lumpkin.   Fulton county.   July 1, 1895.

*L. R. Ray, W. R. Hammond* and *Felder & Davis,* for plaintiff.   *Goodwin & Westmoreland,* for defendant.

SIMMONS, Chief Justice.

The plaintiff in error executed to the defendant in error certain promissory notes, and a mortgage to secure the same, which mortgage contained a provision authorizing the mortgagee to sell the mortgaged property for the payment of the debt if not paid when due, and a further provision that "the power and agency aforesaid is coupled with an interest, and is hereby made irrevocable, even by death." The notes became due and were not paid, and the mortgagee, in pursuance of the power given by the mortgage, advertised the mortgaged property for sale; whereupon the mortgagor notified him that the power of sale was revoked and cancelled.   Subsequently the mortgagor filed a petition for an injunction against the sale, basing his petition on the ground that he had revoked the power of sale.   The court refused the injunction, and to this ruling the petitioner excepted.

Generally an agency is revocable at the will of the principal, and it is *ipso facto* revoked by his death.   To the rule that an agency is revoked by the death of the principal there is but one exception; and that exception exists where the power of the agent is coupled with an interest.   By this is meant an interest in the thing itself, that is to say, in. the subject on which the power is to be exercised, and not merely in that which is produced by the exercise of the power.   (*Wilkins* v. *McGehee,* 86 *Ga.* 766, and authorities there cited.)   The power is irrevocable in the lifetime of the principal where it is given for a valuable consideration, and forms a part of a contract made as security for a debt, and is conferred for the purpose of effectuating the security, even though not coupled with an interest in the thing itself;

and this is said to be so although there is no express stipulation that the power shall be irrevocable. (Marshall, C. J., in Hunt *v.* Rousmanier, 8 Wheaton, 174; 1 American Leading Cases, Hare & Wallace, *578.) It is undoubtedly so if there is such a stipulation. Our code, it is true, in section 2183, which declares the rule to be as above stated, that generally an agency is revocable at the will of the principal, mentions but one exception to the rule—that of a power coupled with an interest; but there is no reason to suppose that other instances were excluded, there being nothing in the language of the section to indicate that it was intended to be exhaustive on the subject. In the case of *Calloway* v. *The People's Bank*, 54 *Ga.* 441, it was held that "a power in a mortgage to the mortgagee to sell the property mortgaged on the failure of the mortgagor to pay the debt at its maturity, is a lawful power under the laws of this State, and is irrevocable." Some of the reasoning of McCay, J., in that case was disapproved in the case of *Wilkins* v. *McGehee, supra,* in which it was held that such a power was revoked by death, but it was said that the decision itself was right. Judge McCay argued that the mortgagee had such an interest in the land itself as would render the power irrevocable. In *Wilkins* v. *McGehee* we disapproved of that view, for the reason that in this State a mortgage does not convey title, but is a mere security, and the interest of the mortgagee is therefore confined to the proceeds of the mortgaged property; but we said: "Under the facts of that case the power of sale could very well be held irrevocable, because they show that the contract between Maxwell [the mortgagor] and the mortgagees was, that, on default of the payment of the sum of money secured by the mortgage, the mortgagees were not to be delayed by the necessity of foreclosing in the courts, but either of them might sell all or any part of the lands to pay said indebtedness, after advertising, etc. Maxwell was not dead at the time of the sale; and the power, being part of a

contract for a consideration, might for that reason be held irrevocable in the lifetime of the mortgagor." Chief Justice Marshall, in the leading case of Hunt v. Rousmanier, *supra*, says: "Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or if not so, is deemed irrevocable in law. Although a letter of attorney depends, from its nature, on the will of the person making it, and may, in general, be recalled at his will, yet, if he binds himself for a consideration, in terms, or by the nature of his contract, not to change his will, the law will not permit him to change it." Judge Story, in his work on Agency, says: "Where an authority or power is coupled with an interest, or where it is given for a valuable consideration, or where it is a part of a security, there, unless there is an express stipulation that it shall be revocable, it is from its own nature and character, in contemplation of law, irrevocable, whether it is expressed to be so upon the face of the instrument conferring the authority or not." 2 Story on Agency (8 ed.), §477. See also: 1 Am. & Eng. Enc. of Law (second edition), Agency, p. 1217 *et seq.*

In the case of an ordinary agency, there is generally no reason why the principal should be precluded from revoking the agency. The agent is the servant of the principal, and the law compels no man to employ another against his will or to continue to repose trust and confidence in another after he has seen fit to withdraw it. If the revocation is unreasonable and constitutes a breach of contract whereby the agent sustains injury, the law affords him redress in an action for damages. (Code, §2183.) In this case, however, the relation of the parties was not merely that of principal and agent. The power in question concerned the disposition of property upon which the person on whom the power was conferred held a lien as security for a debt, and was a part of the contract creating the security, and

was granted for the purpose of effectuating that security; and it was expressly stipulated, as a part of the consideration moving to the mortgagee, that the power should be irrevocable. Upon principle, as well as authority, it seems to us clear that whether such a power is revoked by death or not, the grantor should not be permitted to revoke it himself.

We hold, therefore, that the court below did not err in refusing the injunction prayed for. *Judgment affirmed.*