GODFREY FRANK ET AL. *v.* COLONIAL & UNITED STATES MORTGAGE COMPANY.

DEEDS OF TRUST. *Power of sale. Power of substitution of trustee. Interest. Death of grantor.*

The power of sale vested in a trustee and the power of substitution of a new trustee vested in the beneficiary, granted in a deed, are not revoked by the death of the grantor.

FROM the chancery court of Bolivar county.

HON. CAREY C. MOODY, Chancellor.

Frank and others, the appellants, were complainants in the court below; the mortgage company, the appellee, was defendant there. From a decree in defendant's favor the complainants appealed to the supreme court.

Appellants filed their bill in the chancery court of Bolivar county against appellee in January, 1904, for the purpose of

reopening the final settlement of the estate of J. T. Griffin, deceased, and allege in their bill that they are creditors of said Griffin; that said Griffin and his wife, during his lifetime, executed several deeds of trust to David Haughton, trustee, to secure notes given by them to appellee, the Colonial & United States Mortgage Company, on certain lands described in the bill; that the several deeds of trust provided that "in case of the refusal, neglect, incompetency, or unfitness to act of the said trustee, or his absence or his decease, then the party of the third part [the mortgage company] can at any time it may desire appoint a trustee in the place of the party of the second part, or any succeeding trustee, whose acts in the premises shall be of the same validity as if done by the trustee, which appointment shall be in writing;" that on March 10, 1899, the said Colonial & United States Mortgage Company, in writing, substituted N. F. LeMaster trustee in place of the original trustee, and the trust deeds were foreclosed by the substituted trustee, and sales made by him, at which sales the lands were struck off to the Colonial & United States Mortgage Company, and deeds were made by said substituted trustee to it under said sales; that the appointments of said substituted trustee, under which he acted and derived all his authority, were made and executed long subsequent to the death of the said Griffin, the owner of the lands sold and grantor in the deeds of trust; that said sales were void and illegal, and conferred no right or claim or title upon the Colonial & United States Mortgage Company, and that said lands are still the property of the estate of Griffin, and subject to the payment of his just debts. The prayer of the bill is that these deeds be canceled and vacated, and that the lands be sold, and the proceeds applied to the payment of the claims of complainants. Defendants demurred to this bill on the ground, *inter alia,* that the bill showed that the sales of the lands by the substituted trustee were legal and valid in every respect, and the deeds of trust lawfully foreclosed, and that

complainants had no interest in the lands.    The demurrer was
sustained, and the bill dismissed.

*Moore & Clark,* and *Green & Green,* for appellants.

The power of sale in the deed of trust was revoked by the
death of the mortgagor before condition broken, and the sale
thereunder was void.

The power of sale in the deeds of trust was not "a power
coupled with an interest" until a breach of the condition in the
deed of trust, under the statute, in the life of the mortgagor,
and as this did not happen, it was revoked by the death of the
mortgagor or grantor.

The definitions of a "power coupled with an interest" and of
a power not coupled with an interest have been conclusively
fixed by Chief Justice Marshall in *Hunt* v. *Rousmanier,* 8
Wheat., 174.    That case involved, substantially, the elements
of a deed of trust with power of sale under our statute, and it
was held that a power not coupled with an interest, even though
upon consideration and irrevocable during the life of the mort-
gagor as a part of the contract, was revoked by his death.

To make the power survive the death it must be coupled with
an interest, an estate, in the land,    *Id.,* 204.

In the interpretation of the legal effect of such powers of
sale a clear line of demarcation must be drawn between the
status of a mortgage with power of sale, or a deed of trust,
under our statute (Code 1892, § 2449), and that of such mort-
gage in the absence of such a statute and under the common law.

At common law the mortgagee or trustee in a deed of trust
had the legal title to the property conveyed; and, hence, it is
correctly held in such jurisdictions that the power of sale in
the trustee is a power coupled with an interest, and is not re-
voked by death. This distinction is pointed out in 2 Jones on
Mortgages (6th ed.), secs. 1792, 1794, and where, after stating
the rule in the absence of statute, it is said in sec. 1794: "In
some states where, by statute or adjudication, a mortgage is

regarded as a mere security for the debt, passing no title or estate to the mortgagee, a power of sale is not coupled with an interest, and it is revoked and rendered incapable of execution by the death of the mortgagor." See also *Johnson* v. *Johnson,* 13 Am. St. Rep., 642; *Wilkins* v. *McGee,* 86 Ga., 764; *Campbell* v. *Roddy,* 44 N. J. Eq., 247; *Grantland* v. *Dunn,* 11 Ark., 720 (s.c., 18 Ark., 469); *Reid* v. *Gordon,* 35 Md., 174 (s.c., 78 Md., 253); *Penfold* v. *Warner,* 96 Mich., 179.

In 22 Am. & Eng. Ency. Law (2d ed.), 1132, it is said: "A power coupled with an interest in the subject-matter and exercisable in the name of the donee is not affected by the death of the donor; but a common-law power created by deed not coupled with any interest in the subject-matter, and exercisable. in the name of the donor only, is annulled by the donor's death, even though it was given for a consideration and could not have been revoked by the donor during his life."

The trustee in the deed of trust stands in the same relation as the mortgagee with power of sale. He has no estate before breach of condition in the thing conveyed. In both forms of instruments—a mortgage with power of sale in the mortgagee, and a deed of trust with power of sale in the trustee—in form the legal title is conveyed to the mortgagee or trustee, but in legal effect it conveys no estate in the thing conveyed, and only operates as a security for the debt until condition broken.

This is the settled interpretation of deeds of trust with power of sale under our statute. Code 1892, § 2449, provides: "Before a sale under a mortgage or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title to the property conveyed in such mortgage or deed of trust except as against the mortgagee and his assigns, or the trustee after condition broken."

Under this statute it is settled that the mortgagee has no estate, legal or beneficial, in the mortgaged property before breach of the condition.

In *Buckley* v. *Daley,* 45 Miss., 345, it was held there was no

interest subject to execution, and in *Freeman v. Cunningham,*
57 Miss., 70, that he had "no beneficial ownership" even after
condition broken, saying, "It is not the effect of the statute
cited to make the mortgagee or grantee the legal owner, after
breach of condition, except so far as to make his security avail-
able," and in *Beckett* v. *Dean,* 57 Miss., 232, that he had no
interest subject to a judgment lien, and that the assignee of the
mortgage debt would take the security of the mortgage free
from the judgment lien, saying, "A deed of trust to secure a
debt is but a security—an incumbrance, and not an estate legal
or equitable in the beneficiary, who may resort to the property
conveyed as a means to the end of obtaining payment of the
debt secured, but has no interest in the property, or right to it,
except as an incident to the chose in action secured by it;" and
in *Adams* v. *Mortgage Co.,* 82 Miss., 296, the foregoing cases
were affirmed, and it was held that the mortgagee had no in-
terest in the mortgaged property which could be subjected to
taxation.

In *Butler* v. *Lee,* 54 Miss., 479, the court holds that after
the breach of the condition of a deed of trust of personalty, in
a contest between an execution creditor of the mortgagor and
a prior deed of trust, the trustee is entitled to possession to
make available his security—possession of personalty being
necessary to a sale of personalty—but that before condition
broken the sheriff under the execution was entitled to possession
as against such trustee.

In *Helm* v. *Gray,* 59 Miss., 58, it was held that, under our
statute, after condition broken, the trustee had the legal title,
but not before. As the breach of the condition in the case at
bar occurred after Griffin's death, by the failure of the admin-
istrator to pay the interest in February, 1899, the death revoked
the power, as it was not coupled with an interest. To create an
estate in the thing a condition subsequent must happen before
revocation by death—namely, a breach of the condition. This

condition may never happen, and until it does there is no estate in the trustee or mortgagee in the thing.

The power of sale to a trustee in a deed of trust or mortgage in this state is, therefore, not a power coupled with an interest before condition broken. *Clark* v. *Wilson,* 53 Miss., 128, *et seq.*

In *Clayton* v. *Merrett,* 52 Miss., 358, it is said: "The overwhelming weight of authority is to the effect that the death of the principal operates as an instantaneous revocation of the agency where it is a naked power unaccompanied by an interest, and that every act of the agent thereafter performed is null so far as the estate of the principal is concerned. . . . Undoubtedly the common-law rule is that death revokes the agency and nullifies all acts thereafter performed. This doctrine rests upon the obvious principle that as a dead man can do no act for himself, so no man can do an act for him. When, therefore, the agent undertakes to act in his name, he is acting for a being not in existence. To hold his act valid is not to bind the dead man, but to bind his heirs and representatives, who are thus held liable for the acts of one whom they never appointed, and who perhaps they would be unwilling to trust." Citing among other cases *Hunt* v. *Rousmanier, supra.*

The power of substitution in the beneficiary, or holder of the notes, was not a power coupled with an interest, and it was revoked by death.

Even if it should be held that the power of sale in the trustee was a power coupled with an interest, there could not be any support for such holding as to the power of substitution. The power of substitution was not conferred upon the trustee, but upon the beneficiary, or holder of the notes secured. Under the statute and authorities, *supra,* in this state, and especially *Allen* v. *Alliance Co.,* it is clear that such power of substitution was revoked by the death of Griffin, and this, whether before or after the condition broken.

The power of substitution of a trustee is a personal trust, and cannot be exercised, unless expressly authorized, by other

than the person named in the deed; and, hence, the appointment of LeMaster, as substituted trustee, after the death of the grantor by James Rickett, chairman, and William J. Brewer, secretary of the Colonial & United States Mortgage Company, was void.

*Jones & Moore,* for appellee.

The decisions of this court are in line with those authorities holding that the grant of power of substitution of a trustee for sale of the property is irrevocable, and does not cease on the death of the mortgagor.

In *Walker* v. *Brungard,* 13 Smed. & M., 763, this court in its opinion says, "A deed of trust is but a power coupled, perhaps, with an interest," and in *Hyde* v. *Warren,* 46 Miss., 29, the court decides, "That the grant of power is irrevocable, and does not cease on the death of the mortgagee."

In *Clark* v. *Wilson,* 53 Miss., 127, the court, in reference to the point at issue, says: "It is competent for the grantor to confer such power on the trustee as he chose, provided he did not violate the law, and to grant such privileges and rights to his creditors and *cestui que* trust as he might elect; the deed is the source and limit of the powers, duties, and rights of the trustee and *cestui que* trust." "There is no inherent right in the creditor who is secured by a deed in trust to appoint a trustee in the event of the death, resignation, or refusal to act. It is because express authority is conferred on the *cestui que* trust 'to name another trustee' that such power can be exerted."

"Since all powers are raised by the grantor, his will, as expressed in the deed, is the measure of their extent. If the trustee is authorized to sell, the terms, the time, and the manner as prescribed must be pursued. If the trustee dies, becomes unable or declines to sell, and no provision is made for a successor, the vacancy can only be filled by the chancery court, which never permits the trust to fail because the appointee of the grantor cannot, or will not, execute it."

The law does not supply the *cestui que* trust with such power, he does not have it, unless he stipulates for it with the grantor. Citing Hill on Trustees, 183; 1 Sugden on Powers, 145; *Bradford* v. *Belfield,* 2 Sims., 264.

"A power to the mortgagee to sell being annexed to the estate is not personal or in gross, and does not terminate at the death of the mortgagor." 1 Caine's Cas. in Error, 15.

These remarks are applicable alike to deeds of trust and mortgages; they are essentially the same security, differing only in the form. Relying on the former decision of this court, we feel that we may safely say that in this state the doctrine for which we contend—*i. e.,* that the death of the grantor in a trust deed does not revoke the power of sale—is a rule of property in the state of Mississippi.

In 28 Am. & Eng. Ency. Law, p. 168, we find the following: "Even a single adjudication of a court of last resort upon a matter presented for its determination is not to be questioned or disregarded except for the most cogent reasons, and only in a case where it is plain that the judgment was the result of a mistaken view of the conditions of the law applicable to the question.

"And it will not be disregarded even when the decision has been so long acquiesced in and acted upon that a return to the proper principle would disastrously affect existing interests." *Wilson* v. *Ward Lumber Co.,* 67 Fed. Rep., 674; *Verdin* v. *St. Louis,* 131 Mo., 26; *State* v. *Taylor,* 53 Atl. Rep., 292; *Rumsey* v. *New York R. Co.,* 133 N. Y., 79; *Long* v. *Long,* 79 Mo., 644; *Hyde* v. *Warren,* 46 Miss., 29; *Hunt* v. *Rousmanier,* Wheat. (U. S.), 174; *Strother* v. *Law.,* 54 Ill., 413; *Brewer* v. *Winchester,* 2 Allen (Mass.), 389; *Varnum* v. *Meserve,* 8 Allen (Mass.), 158; *Cranston* v. *Crane,* 97 Mass., 459; *Conners* v. *Holland,* 113 Mass., 50; *Wiswall* v. *Roos,* 4 Port. (Ala.), 328; *Collins* v. *Hopkins,* 7 Iowa, 463; *Hodges* v. *Gill,* 9 Baxter (Tenn.), 378; *Beattie* v. *Butler,* 21 Mo., 313; *De Jarnett* v. *De Giverill,* 56 Mo., 440; *White* v. *Stephens,* 77

Mo., 452; *Bell* v. *Twilight,* 22 N. H., 500; *Bradley* v. *Chester Va. R. Co.,* 36 Pa. St., 141; *Berry* v. *Skinner,* M. D., 567; *Pickett* v. *Jones,* 63 Mo., 195; *McGuire* v. *Van Pelt,* 55 Ala., 344; *Wilburn* v. *Spafford,* 4 Sneed (Tenn.), 698; *Hanna* v. *Carrington,* 18 Ark., 104; Hill on Trustees, 88, 338, note; *Berger* v. *Bennett,* 2 Am. Dec., 281.

2 Jones on Mortgages (4th ed.), sec. 1792, also lays down the doctrine that the death of an administrator does not revoke the power of sale.

*Chas. Scott, Woods & Scott,* on the same side.

The right to substitute a trustee as provided by the terms of the contract is one of its most important features, granted to and vested in the beneficiary for a valuable consideration paid to the grantor, and without this feature it is very evident that the beneficiary would not have parted with his money.

This right cannot be likened to an ordinary power of attorney. It is something quite different. It is an irrevocable right granted by the maker to the *cestui que* trust, being one of the potent and controlling considerations which induced the latter to part with the large sum of money mentioned in the instruments. The expense of litigation, the law's delays, and the uncertainty of life, are never lost sight of by capitalists and others who have ready money to lend. Such being the case, we can readily understand why the Colonial & United States Mortgage Company would never have loaned to Griffin the money secured by the trust deed in question, unless it had contained the provision authorizing them to substitute a trustee as therein mentioned; nor would the loan have been closed if it had been understood that this right of substitution would or could be revoked by Griffin during his lifetime, or by the law in the event of his death.

The weight of reason and of authority is, fortunately, against the complainants on this important question, sweeping away many titles of long standing which, up to this time, have

been accepted as valid without a moment's hesitation. An equitable mortgagee of the property can make a valid sale of it, under the power of sale, even after the principal's death. *Knapp* v. *Alford*, 10 Paige Chancery, 205.

Where the power is "part of a security" it cannot be revoked by the principal, nor should it be revoked by operation of law because of his death. Am. & Eng. Ency. Law (2d ed.), 1217.

The general rule is that a principal can revoke a power during his life, even though it is stipulated that it is irrevocable. However, this cannot be done if the power is "conferred for a valuable consideration to the principal." *Ib.*, 1216.

Such is the case at bar. The principal granted this power to substitute a trustee, and in consideration thereof was enabled to get a large amount of money. As the principal could not expressly revoke this power in his life, no matter how great his desire to do so, the law should not declare it revoked by implication because of his death.

It follows, then, that the sale by the substituted trustee was valid and binding in all respects, and such being the case, the appellants have no right to subject the lands in question to the payment of any claims which they have against Griffin or his estate.

Argued orally by *Marcellus Green*, for appellant, and by *Fontaine Jones* and *Charles Scott*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The question which must control this case is simply this: Is the power of sale vested in a trustee in a deed in trust or in a mortgagee in a mortgage with power of sale revocable by the death of the grantor? Or, to phrase it differently, is such a power a power coupled with an interest? And, similarly, is the power of substitution of a new trustee granted in a trust deed or mortgage to the beneficiary a power coupled with an interest or not? In our view, both are solvable on the same

principle. It may be stated at the outset as a conceded principle that at the common law and in all the states of this union in which the mortgagee or the trustee in a deed in trust is regarded as having an estate in the thing conveyed, legal or equitable, such power of sale and substitution are both powers coupled with an interest, and so not revocable by death. Learned counsel for appellant fully concede this, but they insist that since a mortgagee in a mortgage and a trustee in a deed in trust have been uniformly held in this state not to have any, the slightest estate, legal or equitable, in the thing conveyed, and since, also, as a consequence, it has been uniformly held in this state that such beneficiary in a deed of trust or mortgage has a mere right to resort to a sale of the thing conveyed for the payment of his debt, a mere lien or security upon the property conveyed, and not an estate in it, therefore we should now hold that such power of sale in a trust deed or mortgage is a mere naked power, not coupled with an interest, and hence revocable by the death of the grantor. It is doubtless true that this court has held that the beneficiary in a trust instrument or a mortgage has no estate, legal or equitable, in the thing conveyed, and the writer of this opinion desires to express now what he has long held—the firm opinion that all these decisions are utterly unsound, and that it has been a misfortune for the jurisprudence of the state that such view should ever have been declared. The legal title is expressly conveyed in such instruments. Both the trustee and mortgagee may maintain ejectment, after condition broken, on the strength of that legal title; and without now pausing to point out the various incidents connected with the idea that the mortgagee or trustee has no legal or equitable estate in the thing conveyed, it is enough now to record my conviction that this view is an unsound one, leading to absurd conclusions. It is no answer to say that the recovery referred to in ejectment is simply for the purpose of enabling the plaintiff to pay off his debt, etc. He never could have recovered in

ejectment without a perfect legal title, and we are thus forced
into the remarkable attitude of holding that, although one had
a perfect legal title—of course only for the purpose of the in-
strument—he nevertheless did not have any legal estate at all
in the thing in which he had such legal title.   As said, I have
never assented to this view, and only followed it in *Adams,
State Revenue Agent,* v. *Colonial Mortgage Company,* 82 Miss.,
263 (34 South. Rep., 482; 100 Am. St. Rep., 633), because
of an unbroken line of authorities asserting it.   The statute
itself provides that the legal title shall remain in the grantor
until condition broken, clearly implying that after condition
broken it is in the trustee or mortgagee.   This court, notwith-
standing that holding, has held in three cases expressly that
such a power of sale is a power coupled with an interest.   In
*Walker* v. *Brungard,* 13 Smed. & M., 763, this court say: "A
deed of trust is but a power, coupled, perhaps, with an interest."
In *Hyde* v. *Warren,* 46 Miss., 29, the court said: "The grant of
the power is irrevocable; it does not cease on the death of the
mortgagor." In *Clark* v. *Wilson,* 53 Miss., 128, 129, the court,
on this point, say: "A power to the mortgagee to sell is an ex-
ample of the former kind.   Being annexed to the estate, it is
not personal, or in gross, and would not terminate at the death
of the mortgagor"—citing 1 Caine's Cas., 15.   The case cited
is *Bergen* v. *Bennett,* 2 Am. Dec., 281, and it may be said that
there has never been any improvement on the statement of the
law on these points made by Chancellor Kent in this case.
Chancellor Kent says: "It is admitted that a naked authority
expires with the life of the person who gave it; but a power
coupled with an interest is not revoked by the death of the
grantor.   In my opinion the power contained in the mortgage
is of the latter description.   A power simply collateral and
without interest, or a naked power, is when, to a mere stranger,
authority is given to dispose of an interest in which he had not
before, nor hath by the interest creating the power, any estate
whatsoever.   But when power is given to a person who derives,

under the instrument creating the power or otherwise, a present
or future interest in the land, it is then a power relating to the
land.    These last powers are subdivided into powers annexed
to the estate and powers in gross.    Both are considered as pow-
ers with an interest, because the trustee of the power has an
interest in the estate as well as in the exercise of the power.
If, as one of the old cases expresses it, the person clothed with
the power hath at the same time an estate in the land, the
power is not collateral, because it savors of the land.    The power
now in question answers exactly to this definition of a power
with an interest, because the mortgagee has at the same time
a vested estate in the land; and it does not answer at all to the
definition of a power simply collateral, for that is but a bare
authority to a stranger, who has not, or ever had, any estate
whatsoever.    .    .    .    There is a very striking analogy between
the case of a devise of land to executors to be sold and a mort-
gage of lands with power to sell.    In both cases the estate passes
to the person clothed with the power, and in both cases the
power is given in trust to answer a specific purpose.    I cannot
discern any distinction between the cases sufficient to render the
power in the one instance naked and in the other coupled with
an interest.    It is not a power with an interest in the executors,
because they may derive a personal benefit from the devise;
for a trust will survive, though no ways beneficial to the trustee.
It is the possession of the legal estate, or a right in the subject
over which the power is to be exercised, that makes the interest
in question; and where an executor, guardian, or other trustee
is invested with the rents and profits of land for the sale or use
of another, it is still an authority coupled with an interest, and
survives.    It has been thus frequently adjudged.    This case is
also still more analogous to the one of a conveyance of property
by way of pledge' or in trust with an agreement for the mort-
gagee to sell in case of default.    This is a practice known in the
English law, and it was taken for granted by the Lord Chan-
cellor in the case of *Tucker* v. *Wilson*, 1 P. Wms., 261, that,

where there existed such an agreement, the mortgagee might
sell after the death of the mortgagor. It seems to have been
admitted not to have been competent for the mortgagor to re-
voke this authority to sell, because it was granted for the benefit
of the mortgagee. He might, perhaps, embarrass the execution
of the power by a subsequent mortgage or judgment, but the
power would still remain in full force, although the lands in the
hands of the purchaser under the power might become subject
to such subsequent lien. In short, this power is altogether dif-
ferent from that of a mere letter of attorney given to a stranger
to the estate, as in the instance given by Coke of a letter of
attorney to make livery of seizin. 1 Inst., 52b. This is revo-
cable by the grantor at his pleasure in his lifetime, and is abso-
lutely revoked by his death. The grantee of such a naked
power, having no interest connected with the power, has, of
course, no interest affected by the revocation. The present
power is, in every view, distinct from the other. I conclude,
therefore, that the power to sell was not revoked by the death
of the mortgagor."

We have quoted thus much from the opinion of Chancellor
Kent both because it is the authority on which Justice Simrall
rested his opinion on this point in *Clark* v. *Wilson,* showing
that the court held in *Clark* v. *Wilson* that such a power is
coupled with an interest, and also because of the masterly clear-
ness of the opinion itself. Great reliance is placed on *Hunt* v.
*Rousmanier,* 8 Wheat., 174 (5 L. ed., 589), for the opposite
view, but this arises from a misconception of that case. In
*Hunt* v. *Rousmanier* there was no mortgage or trust deed, but
a mere letter of attorney; and the whole point of the decision
was that, since nothing had been conveyed by the letter of
attorney—as from its nature there could not be—and since all
that the attorney could do was to execute the power granted in
the name of the grantor, his principal, he could not, after the
death of his principal, of course, execute the power in the name
of his principal then dead. This is plainly shown by the argu-

ment of Mr. Wheaton for the appellant, especially at p. 186
of 8 Wheat. (5 L. ed., 589), and by the opinion of Marshall,
C. J., at p. 203 of 8 Wheat. (5 L. ed., 589), where the court
say: "This general doctrine that a power must be executed
in the name of the person who gives it—a doctrine founded on
the nature of the transaction—is most usually ingrafted in the
power itself. Its usual language is that the substitute shall
do that which he is empowered to do in the name of his prin-
cipal," and these words "in the name of his principal" are
italicized by Chief Justice Marshall himself. And so because,
and only because, the instrument in that particular case was
the old common-law letter of attorney, not possible of execution
save in the name of the principal, it was said that, the principal
dying, the agent, of course, could not execute the power in the
name of a dead principal. The court expressly pointed out in
the first sentence of the opinion, after stating the case, that "the
instrument contained no words of conveyance or of assignment,
but was a simple power to sell and convey." But, further, the
argument made in that case by Mr. Wheaton was that there
was an agreement for a mortgage of the vessel in the case before
the letter of attorney was executed; and his insistence was
(which prevailed) that the court should execute the intention
of the parties, and decree as if the mortgage had been entered
into; he arguing, and Chief Justice Marshall plainly assenting
to, the proposition, that, if it had been a mortgage, and not a
mere letter of attorney, the power of sale would have been a
power coupled with an interest. Chief Justice Marshall says
on pp. 205 and 206 of 8 Wheat. (5 L. ed., 589): "A power to
A. to sell for the benefit of B. may be as much a part of the
contract on which B. advances his money as if the power had
been made to himself." And he held that such a power was a
power coupled with an interest, saying, "Every day's experi-
ence teaches us that the law is not as the first case put would
suppose. We know that a power to A. to sell for the benefit of
B. ingrafted on an estate conveyed to A. may be exercised at

any time, and is not affected by the death of the person who created it. It is, then, a power coupled with an interest, although the person to whom it is given has no interest in its exercise. His power is coupled with an interest in the thing which enables him to execute it in his own name, and is therefore not dependent on the life of the person who created it."

It will thus be seen that *Hunt* v. *Rousmanier* is a clear authority, in those states where it is held that the mortgagee or trustee has an estate or interest in the thing conveyed, that such power to sell is a power coupled with an interest. We are therefore driven to decide whether such power of sale is a power not coupled with an interest, in this state, because of the holding that a mortgage or a trust deed is a mere right to resort to the thing for payment of the debt, and that the mortgagee or trustee has no estate, legal or equitable, in the thing conveyed. As pointed out, this court has already three times held that it is a power coupled with an interest. What is held by authority elsewhere on this proposition? In Am. & Eng. Ency. Law (1st ed.), vol. 26, p. 875, it is said: "Under the common-law doctrine that a mortgage vests the legal title in the mortgagee a power of sale conferred upon him as such is a power coupled with an interest in the land to which it relates, and therefore irrevocable by any act or change of circumstances on the part of the mortgagor, and upon principle the power is equally coupled with an interest in the land, though possibly not in the strictly technical sense of the term, under the equitable doctrine that the mortgagee has merely a lien to secure his debt. The correct principle would seem to be that, whether the mortgagee's interest be considered as in the land itself or only in the proceeds, the power is essentially coupled with an interest, and not a mere naked power subject to revocation. It is accordingly held by most authorities that the death of the mortgagor does not revoke or suspend the power, or require the mortgagee to wait for the appointment of an administrator. . . . In a few states, however, the doctrine prevails that, as the mortgagee

has no estate in the land, a power of sale to him is not coupled with an interest, and therefore does not survive the death of the mortgagor or grantor in a trust deed. It is said to be a 'collateral' power, and one which the mortgagor himself cannot revoke during his lifetime." In the second edition of the same work the doctrine is more emphatically sated, vol. 28, p. 757, *et seq.,* and the array of authorities there quoted is quite decisive of the view that, even in states which hold like ours, such power is, by the overwhelming weight of authority, held to be one coupled with an interest. It is to be noted that in the second edition of this work it is said that "the power of sale in the deed of trust or mortgage is almost universally declared to be coupled with an interest, and therefore irrevocable." And an examination of the cases in Colorado, South Carolina, and Georgia shows that those states are weakening in their view of the matter. For example, the later view in Georgia is well represented by the case of *Ray* v. *Hemphill,* 97 Ga., 566 (25 S. E., 485), where the court say: "In the case of an ordinary agency there is generally no reason why the principal should be precluded from revoking the agency. The agent is the servant of the principal, and the law compels no man to employ another against his will or to continue to repose trust and confidence in another after he has seen fit to withdraw it. If the revocation is unreasonable, and constitutes a breach of contract, whereby the agent sustains injury, the law affords him redress in an action for damages. In this case, however, the relation of the parties was not merely that of principal and agent. The power in question concerned the disposition of property, upon which the person on whom the power was conferred held a lien as security for a debt, and was a part of the contract creating the security, and was granted for the purpose of effectuating that security, and it was expressly stipulated as a part of the consideration moving to the mortgagee that the power should be irrevocable. Upon principle as well as authority it seems

to us clear that, whether such power is revoked by death or not, the grantor should not be permitted to revoke it himself."

This is the precise ground on which we put it in the case of *Allen* v. *The Alliance Company,* 36 South. Rep., 287, where we said: "And it may further still be said that, when reference is had to the nature of this *delectus personae* doctrine, this doctrine of reposing confidence and trust because of known integrity, on the one hand, and, on the other, to the nature and legal constitution of a corporation, it ought to be manifest that the doctrine can have no proper application to a corporation, but that a court should always hold on this point (construing this sort of power vested in a corporation by this sort of instrument) that the grantor did not give the power to the corporation under the influence of the *delectus personae* doctrine, but that the power so to appoint was purchased by the corporation as a part of the consideration named in the instrument, to be irrevocably exercised by it." And in *Darrow* v. *St. George,* 8 Colo., 598 (9 Pac., 791), the court expressly says of that case this "is not a case where a valuable consideration has been advanced or paid for an agency." It should be specially noted that the Georgia supreme court in *Ray* v. *Hemphill* pointed out clearly that the relationship between the grantor and the trustee or the mortgagor and mortgagee, so far as regards this power of sale, is not merely that of principal and agent, but is, as we pointed out in *Allen* v. *Alliance Trust Company,* a relationship arising out of the contract, under which the power of sale is based on the consideration for the contract, and is to be irrevocably exercised by the beneficiary. The last clause in the *Ray* v. *Hemphill* case, *supra,* authorizes the prediction that Georgia will fall into line upon more mature consideration.

In the case of *Muth* v. *Goddard* (Mont.), 72 Pac., 626, the court said: "From the foregoing authorities it clearly appears to us that the power of sale included in the trust deed in question is a power coupled with an interest. But, irrespective of this, the legal title to the property having passed to the trustee

and from the mortgagor, the death of the latter could in no wise affect the trustee's right to carry out the trust which the mortgagor had reposed in him." And to the same effect are *Carter* v. *Slocomb,* 122 N. C., 475 (29 S. E., 720; 65 Am. St. Rep., 714); *Reilly* v. *Phillips* (S. D.), 57 N. W., 780—where the court said: "Appellants insist that the rule of these cases is not applicable in this jurisdiction, because, under our law, the mortgagor retains the title to the estate mortgaged contrary to the law prevailing in most of the states whence these decisions come; but we apprehend that upon principle that fact ought not to make any difference in respect to the survival of the power."

Another observation important to be noted is this: That in Illinois, and perhaps some other states, it is by statute expressly provided that the power of sale in a trust deed or mortgage shall be revoked by the death of the grantor, and that the decisions on this subject in Texas are the result of a statute in that state. See these two statutes referred to in Am. & Eng. Ency. Law (2d ed.), vol. 28, 760d. In the same volume, at p. 758, it is said (paragraph 1): "The exercise of the power is consequently not affected by an attempted revocation on the part of the grantor, or by any other act on his part." See specially the cases referred to in note 3 to that clause. Jones, in his work on Mortgages (6th ed.), vol. 2, sec. 1792, says: "The death of the mortgagor does not revoke a power of sale, even though the mortgage is held merely to give a lien on the property. This, being coupled with an interest in the estate, cannot be revoked or suspended by the mortgagor. Of course, after his death the power cannot be exercised in his name, but the authority to execute it in the name of the grantee continues. The execution of the power is the grantee's act by virtue of the power. It is not a mere power of attorney." He refers to the contrary view in sec. 1794 as held in "some states," but in the authorities cited to support the statement made by him in sec. 1792 it is easy to be seen that the modern doctrine is plainly as stated by

him in the text. Whether, therefore, the mortgagee or the trustee is esteemed to take, by the conveyance, a legal or equitable estate in the thing conveyed or not, the sounder and better view manifestly is the one pointed out by us in the case of *Allen* v. *Alliance Trust Co., supra*—to wit, that the trustee or mortgagee in such instruments is not a mere ordinary agent at all; that the power to sell is based on the consideration on which the contract is bottomed, is part of that security and that contract, and is hence stipulated for and bought by the beneficiary in the instrument, whether trust deed or mortgage, and is a power coupled with an interest, and hence not revocable by death.

Without particular notice of the other assignments, which have received our careful consideration, it is enough to say that we do not regard any of them as tenable on the terms of this instrument and the facts of this case.

*And the decree is affirmed.*