## MORROW *v.* SOUTHERN EXPRESS COMPANY.

Where mutual promises are relied upon as a consideration to support a contract, the obligations of the contract must be mutually binding upon the respective parties; and if one assume under such an agreement to do a special act beneficial to another, and that other under the terms of the contract is under no obligation to perform any act of corresponding advantage to the former, the agreement is without such consideration as will support the promise of the party assuming to perform; especially is this so when the time during which the alleged contract is to remain operative is so indefinite and uncertain as to render the same incapable of enforcement.

Argued June 12,—Decided July 20, 1897.

Action for damages. Before Judge Candler. Clayton superior court. September term, 1896.

*Hammond & Cleveland* and *P. F. Smith*, for plaintiff.

*Dorsey, Brewster & Howell* and *Erwin, duBignon & Chisholm*, for defendant.

LITTLE, J. The substance of the contract upon which Morrow relied, and for the breach of which this action for damages was instituted, was, that he had made arrangements with the Central Railroad Company, for as long as he desired, to receive and carry all the milk and butter which he would offer for shipment at and from a given point to Atlanta and return the vessels to the receiving point, at a given rate per thirty gallons; that while the railroad was carrying out this arrangement satisfactorily to him, by some arrangement between it and the Southern Express Company the latter took charge of receiving and carrying the shipments on the same terms and conditions as the railroad company had undertaken to do, except that a slightly increased rate of freight on such shipments was exacted; that in other respects, the express company undertook and assumed to carry out the terms of the contract between Morrow and the railroad, and did carry out the terms of the contract for a number of years and until November, 1882, when it declined to receive further shipments. The action was dismissed on general demurrer; and we are now called upon to determine whether the petition set out a cause of action.

If the contract was valid and binding, an action would lie for a breach thereof. If, on the other hand, the contract was not valid and binding, there can be no recovery. It is axiomatic in the law of contracts that there must be a consideration moving the parties thereto. The law will enforce no contract which is without consideration. An executory contract, without consideration, is nudum pactum, and of no binding force. Civil Code, §§ 3656, 3637. Among the considerations recognized by law as sufficient to support a contract is that of mutual promises, or, as it is sometimes termed, a promise for a promise. By section 3661 of our Civil Code it is declared that a promise of another is a good consideration for a promise. A

promise, however, is not a good consideration for a promise unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement.   1 Parsons on Contracts, *449; 13 Ill. 140; 12 Barb. (N. Y.) 502; 6 B. & C. 255; 5 M. & W. 241; 9 Exchequer, 507; 12 How. 126; 6 Col. 89; 25 S. C. 136.   And in case of mutual promises, where the promise of one party is relied on as a consideration for the other, the promises must be concurrent and obligatory upon each at the same time, in order to render either binding.   18 Barb. (N. Y.) 317; 21 Wend. 139; 4 John. 235; 3 T. R. 653; Clark on Contracts, p. 166; Story on Contracts, § 569; 12 John. 397, 190; 40 N. J. Eq. 422.   The rule above announced applies in all cases where the contract remains wholly executory, and nothing is done to divest it of its unilateral character.   There are instances in which a promise, though a mere nudum pactum when made, because the promisee is not bound, may become binding on his afterwards furnishing the consideration contemplated.   Thus where one promises to see another paid if he will sell goods to a third person, or promises to give a certain sum if another will deliver up certain documents or securities, or if he will forbear a demand or suspend legal proceedings or the like, while the party making the promise is bound to nothing and may withdraw his promise, or more accurately speaking, proposition, at any time, yet if the promisee, acting on the faith of the promise, within a reasonable time, does the thing which it was contemplated he should do, then the promisor is bound on the ground that the thing done is a sufficient and completed consideration; and the original promise to do something if the other party would do something is a continuing promise until that other party does the thing required of him.   Or if the promisee begins to do the thing in a way which binds him to complete it, here also is a mutuality of obligation.   1 Parsons on Contracts, *450; Clark on Contracts, pp. 168, 169; Story on Contracts, § 569; *Lindsay* v. *Warnock*, 93 *Ga.* 619.   In such cases, it is not necessary that each promise should be absolute so that either party could enforce it against the other; for a promise conditional on the doing of some act may be rendered

binding by the act, while it may give no right to compel the doing of it. Story on Contracts, § 569, and authorities cited. The contract here declared upon, however, does not fall within this class of cases. It is true it is alleged that the railroad promised to receive and carry all the milk and butter which the plaintiff would offer for shipment at a given point, and for as long time as the plaintiff desired to make such shipments, but the plaintiff did not undertake or bind himself to make any such shipments at the time the promise of the railroad was made; and if we treat the promise of the railroad as conditional on the furnishing of such shipments, yet, notwithstanding it is alleged the plaintiff did offer and the railroad or express company received such shipments for a number of years, it is obvious that the doing of these acts on the part of the plaintiff did not bind him to any future performance; he did not begin to do the thing contemplated in a way which would bind him to complete it, if indeed, under the terms of the contract, any limitation could be put upon the time for which it was to endure. The plaintiff never became bound by any promise, nor did he do any such act as would supply the promise. The contract was not mutual and binding at its inception, nor did it subsequently become so. The plaintiff might furnish shipments or not, at his option; he was not compelled to anything whatever for the benefit of the defendant. In the case of Burton v. The Great Northern Railway Co., 9 Exchequer, 507, the plaintiff, by a memorandum of agreement between himself and the railway company (defendant), undertook to provide wagons, horses, etc., for the cartage of merchandise between certain points, and to convey all such as might be presented to him for conveyance between those places, and he further undertook to perform all business entrusted to him promptly and carefully at a certain specified rate, and it was mutually agreed that the aforesaid arrangement should continue in force for the period of twelve months from the date thereof. Before the expiration of that time the defendant terminated the agreement; the plaintiff sued it for a breach of contract, but the Court of Exchequer, besides holding that the declaration as framed upon the above agreement was not sup-

ported, intimated a strong opinion that no action at all could, even if an amendment were made in the declaration, be maintained upon the contract in question against the company, inasmuch as it contained no provision binding them to send goods to the plaintiff for conveyance, and was in fact unilateral merely and without mutuality.  Likewise, we think the agreement set up in the present case entirely wanting in mutuality, and being so, it was not binding on the defendant.

*Judgment affirmed.    All the Justices concurring.*