HUGGINS *v.* SOUTHEASTERN LIME AND CEMENT CO.

1. Where an order sustaining a demurrer to a plea is general in its terms, the jugdment will be affirmed if the plea was properly stricken for any reason set forth in the demurrer, although the bill of exceptions recites that the plea was stricken for a particular reason.
2. The contract relied on by the defendant as the basis of the counter-claim was unilateral.
3. The contract amounting only to an offer to sell, it could not be the foundation of a cause of action until this offer had been accepted.
4. An order for goods, made within the time limited in a contract containing an offer to sell, constitutes an acceptance, and the seller is bound to deliver.
5. Failure to deliver would authorize the buyer to recover the difference between the contract price and the market value on the day that delivery should have been made. But if, at the time the offer was accepted, the seller was not notified that the goods ordered had been resold, the buyer would not be entitled to recover either the difference between the contract price and the price of the resale, or damages which he had sustained growing out of his inability to deliver to the person to whom the goods had been resold.

Argued October 26, — Decided November 12, 1904.

Complaint. Before Judge Cobb. City court of Athens. February 18, 1904.

The Southeastern Lime & Cement Company sued Huggins, doing business under the name of J. H. Huggins & Son, on an open account for cement alleged to have been bought of plaintiff, on an accepted draft, and on a promissory note. The defendant admitted the correctness of the account, and the execution of the draft and note. By way of counter-claim he alleged that he had been damaged in a given sum, by reason of the breach by the

plaintiff of a contract of which the following is a copy : " Athens, Ga., Feb. 4th, 1902.   This contract is between J. H. Huggins & Son, of Athens, Ga., and the Southeastern Lime and Cement Company, of Charleston, S. C., for the balance of this year.   Messrs. J. H. Huggins & Son agree, in accepting the agency of the Leghigh Portland Cement, to push the sale of same exclusively as their Portland, not purchasing any other brand while the contract is in effect.   The Southeastern Lime and Cement Company agreeing in turn to sell their Leghigh Cement, in Athens, to Huggins & Son exclusively, in consideration of the above."     The prices at which the cement was to be sold to Huggins were stated in the writing, which was signed by both parties.     The plea then alleged :    Defendant fully complied with all his obligations under the contract, under the terms of which he was to buy no other cement, and was to have the exclusive sale in Athens of plaintiff's brand. The price of cement rose, and plaintiff failed and refused to deliver cement to defendant, and sold to other parties in Athens. It sold to the Lyndon Manufacturing Company in Athens, in the spring of 1902, two car-loads of cement, and such sale damaged defendant in the sum of $160, being the difference between the contract price and the market price of the cement at the time of such sale and delivery.   Defendant sold to the Tallassee Power Company of Athens a car-load of cement, and plaintiff refused to deliver the same to defendant, although repeatedly urged to do so. This cement was sold for $2.40 cents per barrel, and at such price there was a profit of fifteen cents per barrel to defendant.   Defendant was unable to comply with his contract with the Tallassee Power Company, because of plaintiff's refusal to deliver the cement.     That company purchased its cement elsewhere at a higher price, and claims of defendant $69.60 as damages for a breach of its contract of sale.     By reason of this breach of its contract by plaintiff defendant has been damaged $69.60 and $15 loss of profit.   Defendant was also deprived of the sale of 600 barrels of cement, which it could have sold had plaintiff complied with its agreement, on which there would have been a profit of $500.     The plaintiff filed a demurrer to the plea, on the grounds that the contract relied on is unilateral ; that the claim of profits lost by reason of defendant's failure to sell the 600 barrels of cement is too uncertain, indefinite, remote, and speculative ; that

the proper measure of damages is not stated for the failure of plaintiff to deliver cement to be resold to the Tallassee Power Company; and that the entire claim of damages based on loss of profits is too remote and speculative. The court passed an order sustaining the demurrer and striking all of that portion of the plea containing the alleged counter-claim. The defendant excepted.

*T. S. Mell*, for plaintiff in error.
*McWhorter, Strickland & Green*, contra.

Cobb, J. 1. The bill of exceptions recites that the plea was stricken upon the ground that the contract set forth therein was unilateral, but the order sustaining the demurrer does not state upon what ground the demurrer was sustained. If the plea was properly stricken for any reason set forth in the demurrer, the judgment will be affirmed.

2–4. The contract was clearly unilateral. While it contained an agreement on the part of the Cement Company to furnish cement, there was nothing in the contract which amounted to an obligation on the part of Huggins to purchase cement in any stated or otherwise definite quantity. See *Harrison* v. *Wilson Lumber Company*, 119 *Ga.* 6 (3), and cit. The paper relied upon as a contract contained a mere offer to sell at stated prices during a given time. Until this offer was accepted the cement company was at liberty to withdraw; but if, before a withdrawal, Huggins had ordered a definite quantity of cement, to be delivered according to the terms of the proposal, the Cement Company would have been bound to deliver. *McCaw Mfg. Co.* v. *Felder*, 115 *Ga.* 408. Unless that portion of the plea which relates to the refusal of the Cement Company to fill the contract which Huggins had made with the Tallassee Power Company sets forth a cause of action, the judgment striking the counter-claim was proper. That portion of the plea, taken in connection with other parts of the plea, alleges facts which would be sufficient to authorize a recovery of an amount representing the difference between the price of cement stated in the contract and the market price in Athens at the time delivery should have been made. But the plea does not claim damages of this character, the damages claimed being the difference between the contract price and the price at which the

cement was sold to the Tallassee Company, together with the amount of damages which that company claims against Huggins on account of his failure to comply with his contract of sale. Huggins is not entitled to recover damages of this character, unless the Cement Company had notice that the order was for cement which was to be the subject of a resale. *Wappoo Mills* v. *Guano Co.*, 91 *Ga.* 396. Of course the Cement Company knew that Huggins as dealer would buy only for the purpose of resell-ing; but before it would be liable for the special damages result-ing from a failure to fulfil a particular contract of resale, it was entitled to notice that the goods embraced in the particular order were the subject of a resale. The demurrer pointed out the defects in the plea with sufficient particularity, and was properly sustained.        *Judgment affirmed. All the Justices concur.*