## MOUNTAIN CITY MILL COMPANY *v.* COBB.

124　937
f128　392

In an action for goods the defendant in his plea admitted their purchase at the prices named, but denied any indebtedness, for the reason that at the time of the purchase the plaintiff agreed to give him the exclusive sale of that particular class of goods in the town where he did business, so long as he "pushed" the same; on the faith of which he incurred considerable expense in placing this particular class of goods before his customers and had built up a large trade, when the plaintiff sold the same class of goods to a rival merchant and withdrew the sale thereof from the defendant; that the trade he had built up was of the value of one thousand dollars, and that by the withdrawal of the sale of this class of goods and selling them to his competitor in business he

had been endamaged in the above-named sum.     So much of the plea
as attempted to set up recoupment was demurrable, because the con-
tract, the breach of which is alleged to have resulted in the damages
claimed, was unilateral, and also because the damages were too remote
and speculative to be capable of ascertainment.

Submitted January 18,—Decided February 19, 1906.

Complaint.   Before Judge Gober.   Cherokee superior court.
May 22, 1905.

*J. S. DuPre* and *P. P. DuPre,* for plaintiff.

*George I. Teasley* and *D. W. Blair,* for defendant.

EVANS, J.   This was an action on an account by the Mountain
City Mill Company against W. S. Cobb.   The items set out in the
bill of particulars were for certain flour, bran, and grits.   The de-
fendant admitted that he bought the goods sued for, and at the
prices named, but denied any indebtedness, for the reason that on
or about the 15th day of January, 1902, the plaintiff sold to the
defendant certain brands of flour, to wit: "White Satin" and
"Diamond Patent," and the defendant was to have the exclusive
right to sell flour of these particular brands in the town of Canton,
Ga.; that after the purchase of this exclusive right of sale, the
plaintiff sold flour under the same brands to a rival merchant in
the town of Canton, and withdrew the sale of the flour from the
defendant, who had built up a large trade upon this particular
flour, and had been to considerable expense in placing it before
his customers as a fine brand; and that by the terms of the con-
tract the defendant was to have the exclusive sale of the flour under
these brands, so long as he "pushed" the same, and that in pursu-
ance of this contract, from and after the date of the first purchase
of flour, he spent large sums of money in "pushing" the sale of
these brands; that the trade thus built up was of the value of one
thousand dollars, and that by the withdrawal of the sale of these
brands and placing it with his rival in the business, he had been
endamaged in the sum of $1,000.   The plaintiff demurred to the
plea, because it set forth no sufficient grounds of recoupment; be-
cause the damage claimed was not set out with clearness and defi-
niteness; because the defendant failed to set forth his profits on
the contract, and because the damages claimed were too remote
to be the basis of any recovery.   The court overruled the plain-
tiff's demurrer to the plea, and the plaintiff excepted pendente lite.

The defendant submitted certain evidence in support of his plea, and recovered a verdict against the plaintiff in a certain sum. The plaintiff moved for a new trial, and this writ of error is sued out because of the refusal of the court to grant this motion. Error is also assigned on the exceptions pendente lite.

1. The contract set up in the defendant's plea was unilateral. By the terms of this alleged contract, the defendant was not bound to order any flour from the plaintiff. While it is alleged that the plaintiff agreed to give the defendant the exclusive right to sell flour of certain brands, it was entirely voluntary on the part of the defendant whether he should buy any flour at all. In all essential respects, this contract was very similar to that set out in the plea of recoupment in the case of *Huggins* v. *Southeastern Cement Co.*, 121 *Ga.* 311. In that case the contract was in writing, and Huggins agreed to "push" the sale of the cement manufactured by the plaintiff, exclusively, and not to purchase any other brand while the contract was in effect. The Cement Company, in turn, agreed to sell its cement at the defendant's place of residence exclusively to Huggins. In discussing this contract, the court said: "While it contained an agreement on the part of the Cement Company to furnish cement, there was nothing in the contract which amounted to an obligation on the part of Huggins to purchase cement in any stated or otherwise definite quantity." For this reason it was held that the contract was clearly unilateral.

2. Even if the contract had been mutual and capable of enforcement, the damages claimed were too remote and speculative. *Beck Duplicator Co.* v. *Fulghum*, 118 *Ga.* 836. In any view of the case, the plea of recoupment should have been stricken on demurrer.

*Judgment reversed. All the Justices concur.*