## HARDIN *v.* CASE.

HOLDEN, J.  The plaintiff sued the defendant to recover $500 principal and 8 per cent. interest thereon, and in his petition made substantially the following allegations:  Defendant agreed to pay plaintiff, for his 5 shares of stock in the corporation hereinafter named, $500, and to pay him interest at the rate of 8 per cent. per annum on such sum from the date of the issue of the stock, and plaintiff was to have one year from July 1, 1907, to decide whether or not he would accept "said agreed and proposed sum for his said stock."  As evidence of the agreement a writing was signed by both parties, of which the following is a copy:  "This certifies that I Geo. F. Case do agree to pay to J. T. Hardin 8 per cent. interest on his $500 shares of Central Marble and Milling Company stock from date of issue of stock to date of purchase of stock, provided said stock does not pay this amount of interest or better; further I do agree to purchase said stock at any time said J. T. Hardin wishes to dispose

of same at par value within one year from date of this agreement. [Signed] Geo. F. Case, J. T. Hardin." The plaintiff alleged, that "at divers times between July 1st, 1907, and July 1st, 1908, he approached the said Geo. F. Case and offered to and undertook to comply and accept said agreement and deliver to said Case said stock as contemplated in said agreement, and did demand at divers times of said Case the price and money he obligated himself to pay petitioner for said stock, which the said Case refused to do and still refuses to do. Petitioner now and here offers and proposes to surrender to the said Case his said stock in the said Central Marble and Milling Company and to 'comply in every way with his agreement." In said contract it was agreed "that petitioner was to suffer and permit the said Geo. F. Case to control and vote said stock from and after date of said agreement, in all the meetings of the stockholders of the said company, which petitioner agreed to and permitted. Other features of said contract were to the effect that petitioner was to have, which was to be paid by the said Geo. F. Case, a full return of all money invested by him in said stock, with interest thereon, which stock the said Case was instrumental in selling to petitioner originally, and of his own motion proposes to take petitioner's stock from off his hands." *Held:*

1. The petition was not subject to general demurrer.

2. The petition was not subject to demurrer on the ground that "the contract sued on and set out in plaintiff's petition is unilateral and with [neither] party to the same is under any legal obligation to perform the same;" or on the ground that "the said contract is wanting in mutual covenants and without any consideration on the part of plaintiff to do any act beneficial to the defendant or hurtful to himself."

(*a*) It being agreed by the plaintiff, in the contract, "that petitioner was to suffer and permit the said Geo. F. Case to control and vote said stock for and after date of said agreement, in all the meetings of the stockholders of the said company, which petitioner agreed to and permitted." the agreement by the defendant to buy the shares of stock was not originally without consideration.

(*b*) The contract was not unilateral, and there was no want of mutuality, when the plaintiff, within one year from the time of its execution, offered the defendant the shares of stock and demanded the price the defendant agreed to pay therefor. *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 440) ; *Sivell* v. *Hogan,* 119 *Ga.* 167 (46 S. E. 67) ; *McCaw Mfg. Co.* v. *Felder,* 115 *Ga.* 408, 415 (41 S. E. 664) ; *Perry* v. *Paschal,* 103 *Ga.* 134 (29 S. E. 703) ; *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998) ; *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723) ; *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (48 S. E. 933) ; *Larned* v. *Wentworth,* 114 *Ga.* 208 (39 S. E. 855) ; *Cooley* v. *Moss,* 123 *Ga.* 707 (51 S. E. 625).

3. The court committed error in sustaining the demurrer and dismissing the petition.       *Judgment reversed.     All the Justices concur.*

JULY 14, 1910.

Complaint.   Before Judge Morris.   Cherokee superior court. August 6, 1909.

*J. P. Brooke,* for plaintiff.