23273.  WHEELER *v.* PAN-AMERICAN PETROLEUM CORPORATION.

DECIDED JANUARY 31, 1934.

*Fariss & Langford,* for plaintiff.
*Ralph H. Pharr, Dorsey & Shellon,* for defendant.

JENKINS, P. J.  " Generally, an agency is revocable at the will of the principal. . . If, however, the power is coupled with an interest in the agent himself, it is not revocable at will." Civil Code (1910), § 3575.  This statutory expression of but one exception to the general rule of the revocability of an agency was not intended to be exhaustive of the legal principles controlling revocation. *Ray* v. *Hemphill,* 97 *Ga.* 563, 565 (25 S. E. 485). See 21 R. C. L. 886, 887; notes in 64 A. L. R. 380.  In order to make such a power irrevocable because coupled with an interest, that interest must be in the subject-matter of the power or agency, and not merely in the profits or proceeds resulting from an exercise of the power. *Adair* v. *Smith,* 23 *Ga. App.* 290 (4) (98 S. E. 224); Hunt *v.* Rousmanier, 8 Wheat. 174 (5 L. ed. 589).  In the absence of some contractual provision to the contrary, an agency for a petroleum corporation to distribute its products in a certain territory for commissions would not be irrevocable as a power coupled with an interest merely because the agent expends time, efforts, and money to increase the business of the agency. See Andrews *v.* Travelers Ins. Co., 24 Ky. L. R. 844 (70 S. W. 43); Ballard *v.*

Travelers Ins. Co., 119 N. C. 187 (27 S. E. 956), involving percentages on insurance premiums accruing to agents on renewals; Henderson *v.* Lebow, 95 W. Va. 74 (120 S. E. 300) ; Taylor *v.* Burns, 203 U. S. 120 (51 L. ed. 116) ; Mitchel *v.* Gray, 8 Cal. App. 423 (97 Pac. 160) ; Goetz *v.* Ochala, 180 Ill. App. 458; Butterfield *v.* Consolidated Fuel Co., 42 Utah 499 (132 Pac. 559), where agencies to sell goods or other property for commissions or other compensation were held to give no interest in the goods or property constituting the subject-matter, and therefore to be mere naked, revocable agencies.

2. A contract of agency involving duties or obligations of personal trust or confidence from the agent to his principal is not assignable by the agent without the assent of the principal. *Tifton, Thomasville & Gulf Ry. Co.* v. *Bedgood,* 116 *Ga.* 945, 949, 950 (43 S. E. 257) ; *Cowart* v. *Singletary,* 140 *Ga.* 435, 446 (79 S. E. 196, 47 L. R. A. (N. S.) 621, Ann. Cas. 1915A, 1116) ; *Adair* v. *Smith,* supra. In the last-cited case the agreement to pay commission was expressly made assignable. An agreement by a distributing agent for a petroleum corporation which gave him entire charge of the sales of its products in a certain locality, the obtaining of new customers, the receipt, storage, and care of its gasoline and other products, the maintenance of and looking after the corporation's plant, and the collection, forwarding, and accounting to the corporation of proceeds from its sales, is a contract involving duties of personal confidence by the agent to the corporation, such as could not be assigned by him to another without its consent.

3. The instant petition by an agent to recover from a petroleum corporation damages for the revocation of his agency, and for its failure to permit the assignment of his alleged agency contract to a third person, and setting up facts as indicated in the preceding paragraphs, showed only a revocable agency, and an unassignable agreement involving personal confidence upon his part. The court therefore did not err in sustaining the general demurrer to the petition.

4. An agreement between a petroleum corporation and a person to act as a distributing agent for its products, but without any agreement, express or implied, for compensation, except that he "was to be paid a commission on his sales" and "deliveries of gasoline and oil and other products furnished [him] by [it] for sale,"

and that it "was to pay [him] the amount of commissions [he] had earned regularly each month," is too vague and indefinite to be capable of enforcement, since there is no specification of the amount of commissions or any method fixed for their ascertainment, and no meeting of the minds of the parties upon any price or .compensation for the agent's services. *Carr* v. *L. & N. R. Co.*, 141 *Ga.* 219, 222 (80 S. E. 716); *North Georgia Lumber Co.* v. *Lawson,* 40 *Ga. App.* 680 (3) (150 S. E. 865); *Bentley* v. *Smith,* 3 *Ga. App.* 242 (59 S. E. 720). For this additional reason, the petition, setting forth no sufficient agreement as to the compensation of the plaintiff agent, failed to state a cause of action against the general demurrer.

5. The petition being subject to the general demurrer for. the reasons stated, it is unnecessary to determine as to whether the alleged agreement of the agent was further defective in failing to show any sufficiently definite period for the continuance of the agency and services; or whether the petition, after opportunity to amend, was also subject to the renewed special grounds of demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*