### Foster v. Mack et al.

Atkinson, Justice. The petition alleged that on June 15, 1932, the defendant, doing business as the Crystal Company "appointed petitioner its selling agent for its product in Athens, Clarke County, Georgia." This allegation was amended by adding the following: "Said contract was

. . that plaintiff was to have exclusive right for Clarke County, Georgia, for the sale of crystals for the term of one year, or longer if desired. That he was to be furnished crystals at $12 per dozen boxes, and was to sell them for $1.50 per box;" that on June 15, 1932, "petitioner began advertising and selling said product aforesaid, and built up a business which, on September 14th, 1932, was paying him a net profit on the sales he made of ten dollars per week, and was increasing daily;" and that the defendant breached said contract, on September 14, 1932, by withdrawing plaintiff's agency, to his injury and damage in the sum of $1000. *Held:*

1. The petition failing to allege a definite quantity of crystals which the petitioner should sell, the proposal was unilateral; and subsequent acts of the parties, such as petitioner incurring expense in building up a trade and giving orders for particular goods, and the defendant filling the orders at the specified prices, would not create mutuality binding the parties as to goods not ordered and shipped. *Huggins* v. *Southeastern Lime & Cement Co.*, 121 *Ga.* 311 (48 S. E. 933), and cit.; *Harrison* v. *Wilson Lumber Co.*, 119 *Ga.* 6 (3) (45 S. E. 730).

(a) This principle is recognized in *Fontaine* v. *Baxley*, 90 *Ga.* 416 (17 S. E. 1015), and in *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998). And the ruling accords with the decision in *Hollingsworth* v. *Peoples Bank of Carrollton*, 179 *Ga.* 704 (177 S. E. 743).

(b) There being no valid contract beyond goods actually ordered and shipped, it was in the power of defendant to abandon the enterprise.

2. The petition failed to allege a legal or an equitable cause of complaint, and the judge did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 10318.  FEBRUARY 27, 1935.

*W. C. Munday* and *J. E. Kelley,* for plaintiff.
*Candler & Cox* and *Green & Michael,* for defendants.