PEPSI-COLA COMPANY *et al. v.* WRIGHT.

No. 12547. March 9, 1939. Adhered to on rehearing, March 23, 1939.

*Little, Powell, Reid & Goldstein* and *B. D. Murphy,* for plaintiffs in error.

*John I. Kelley* and *Edith Campbell,* contra.

ATKINSON, Presiding Justice. 1. "A promise of another is a good consideration for a promise." Code, § 20-304. But "the promise in each instance must be of such a character as to be capable of enforcement against the party making it, as otherwise neither party will be bound. It must be sufficiently definite both as to time and subject-matter." *McCaw Manufacturing Co.* v. *Felder,* 115 *Ga.* 408, 411 (41 S. E. 664). Unless the promises are of such character, the contract based solely on consideration thereof is unilateral and not binding. *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998), and cit.; *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730); *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (48 S. E. 933); *Swan Oil Co.* v. *Linder,* 123 *Ga.* 550 (51 S. E. 622); *Cooley* v. *Moss,* 123 *Ga.* 707 (51 S. E. 625); *Mountain City Mill Co.* v. *Cobb,* 124 *Ga.* 937 (53 S. E. 458); *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (75 S. E. 354); *National Surety Co.* v. *Atlanta,* 151 *Ga.* 123 (106 S. E. 179); *Foster* v. *Mack,* 180 *Ga.* 418 (179 S. E. 97).

(a) Under application of the foregoing principles, the provision of the contract relating to bottling "the various beverages of the Big Boy Bottling Company" failed to state that Wright would offer to be bottled, and pay for, any specified quantity of the beverages, and consequently was too indefinite as to subject-matter, and therefore was unilateral.

(*b*)  The promise to furnish conditionally "storage space in the plant of" the second party related to the same subject-matter, and was unilateral for the same reason.

(*c*)  The agreement for the first party "to act as one of the jobbers" of the second party, and pay "for goods secured from" the second party, failed to specify that the first party would take and pay for any definite quantity of goods, and also was unilateral for the reasons stated above.

(*d*)  A parol promise that if the first party would purchase from the second party advertising signs and posters of said product at an expense of $1100, "he would be the sole distributor of Pepsi-Cola in the City of Atlanta and vicinity of Atlanta," the condition having been performed by the first party, was indefinite as to the time he should act as sole distributor, and consequently was unilateral.

2.  The promises mentioned above, being unilateral, were unenforceable, and consequently insufficient as foundation of an action by the first party for damages on breach of contract, or injunction to prevent interference with his business.

3.  In the absence of binding contractual obligation, the defendants were under no duty to the plaintiff not to engage in the distribution of Pepsi-Cola in the territory, on the routes, or at or before the times as the plaintiff was accustomed to do, or not to reduce the price of the goods, or not to solicit the trade of the customers of plaintiff; and consequently the petition did not allege a cause of action for damages, or for injunctive relief, for the mere act of so engaging in such competitive business.

4.  The ability of the plaintiff to engage in distribution of Pepsi-Cola for the Pepsi-Cola Company depended on that company's volition to supply that beverage.  There being no refusal by that company to supply the beverage, the plaintiff had the right to carry on his business of distributing the goods without unlawful interference.  It was unfair competition for the defendants, by their agents and servants, to mislead the plaintiff's customers by selling Pepsi-Cola to them and taking up crates left by plaintiff and on which he had made a customary deposit, such misleading being accomplished by false representations as to change of drivers and salesmen.  The allegations as to such conduct were sufficient to allege unlawful interference with the plaintiff's business, and to that extent stated

a cause of action for damages and injunctive relief. The petition having alleged a cause of action for some of the relief prayed, it was sufficient as against a general demurrer.

*Judgment affirmed. All the Justices concur.*