### 31917. PIERSON *v.* GENERAL PLYWOOD CORPORATION.

DECIDED APRIL 17, 1948.

*Oliver, Oliver & Davis,* for plaintiff.

*Rogers, Zeigler, Terry & Coolidge,* for defendant.

PARKER, J. The law leans against the destruction of contracts on the ground of uncertainty. *Leffler Co.* v. *Dickerson,* 1 *Ga. App.* 63 (57 S. E. 911). A contract will not be held void for uncertainty unless the intention of the parties cannot be fairly ascertained and effectuated. *Verdery* v. *Withers,* 30 *Ga. App.* 63, 70 (116 S. E. 894). Where a contract is substantially alleged, some mere details may be implied, if an implication is warranted by the facts and circumstances of the particular case. 12 Am. Jur., Contracts, §§ 64, 239, 251. "Logging" and "logging operations" have been defined as the business of felling trees of merchantable size for lumber, cutting them into logs, and transporting the logs to sawmills or market. Hogan *v.* T. J. Moss Tie Co., 210 La. 362 (27 So. 2d, 131); Peterson *v.* State Industrial Accident Commission, 140 Or. 326 (12 Pac. 2d, 564, 565).

"A contract is an agreement between two or more parties for the doing or not doing of some specific thing." Code, § 20-101. "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and, therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement." 17 C. J. S. 359, § 31. "One of the requirements of a valid contract is that it shall set forth a subject-matter upon which it can operate, with such certainty and completeness that either party may have a right of action upon it." *Parks* v. *Harper,* 43 *Ga. App.* 269 (158 S. E. 454). If it be said that the kind and size of the timber to be logged may be implied, under the facts and circumstances of this case, still, there is no way in which any reasonable inference or implication may be applied to effectuate the intention of the parties as to the quantity of timber to be logged over any stated period of time, or during the life of the contract. The hours per day and days per week the plaintiff would work may be fairly inferred, but there is nothing in the contract as alleged from which the amount of labor to be em-

ployed by the plaintiff, or the kind or amount of equipment to be supplied by the defendant, can reasonably be implied. It seems to us that the indefiniteness of the contract in these essentials renders it unenforceable in this action for a breach on account of nonperformance. See *Prior* v. *Hilton & Dodge Lumber Co.*, 141 *Ga.* 117 (80 S. E. 559); *Carr* v. *L. & N. R. Co.*, 141 *Ga.* 219 (80 S. E. 716); *Weill* v. *Brown,* 197 *Ga.* 328 (29 S. E. 2d, 54); *Devane* v. *Plunkett,* 34 *Ga. App.* 677 (131 S. E. 118); *Aero Construction Co.* v. *Grizzard,* 76 *Ga. App.* 649 (46 S. E. 2d, 767).

The main case on which the plaintiff relies is *Mimms* v. *Betts Co.,* 9 *Ga. App.* 718 (72 S. E. 271). At first blush that case seems applicable, but it is distinguishable on its facts. The contract there involved provided that the plaintiff might use "as many teams, not exceeding seven, as he should be able to purchase." He procured five teams and used them in the work for the defendant under the contract, and this court held that such performance by the plaintiff, accepted by the defendant as fulfilling the terms of the contract, cured any indefiniteness as to this feature of the contract. That was the only point apparently made and ruled on as to the indefiniteness of the contract in that case.

The court properly sustained the general demurrer to the petition in this case insofar as it related to the damages claimed for the nonperformance of the contract, but the petition stated a cause of action as to the damages sued for in the amendment. It is there alleged that, when the contract was terminated by the defendant, the plaintiff had felled, trimmed, and made available for the defendant certain timber within the contract specifications for which the defendant refused to pay the contract price. Under the ruling in *Harrison & Garrett* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730), and other cases which could be cited, the court erred in sustaining the general demurrer as to the part of the petition contained in the amendment.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*