CRAWFORD *v.* BAKER *et al.*

No. 17092.   June 14, 1950.

59

*McKenzie & Kaler* and *David Eisenberg,* for plaintiff.

*T. J. Long,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) It is contended by the defendants in error that the trial court properly sustained the demurrer and dismissed the petition, upon the ground that "the contract was unenforceable because it is unilateral and without mutuality; . . that it purports to bind the defendant in error, J. E. Baker, and his assigns for a period of seven and one-half years to sell only and purchase only for resale in the operation of said business petroleum products handled by the party of the first part. There is no corresponding obligation on the part of the plaintiff in error to sell petroleum products to the defendant in error J. E. Baker. There is no mutuality of obligation to sell and purchase. Moreover, the purported contract is too indefinite as to what petroleum products are to be purchased, and in what quantity."

While it is true that the contract in this case imposes upon the plaintiff no obligation to sell petroleum products to the defendant, we cannot agree with the contention of the defendants that this renders the contract so wanting in mutuality as to in-

validate it. The rule here invoked by the defendants that the obligations of a contract must be mutually binding before they can be enforced applies where mutual promises are relied on as furnishing or constituting the consideration for the contract. *Miami Butterine Co.* v. *Frankel,* 190 *Ga.* 88 (8 S. E. 2d, 398); *Pepsi-Cola Co.* v. *Wright,* 187 *Ga.* 723 (2 S. E. 2d, 73); *Foster* v. *Mack,* 180 *Ga.* 418 (179 S.E. 97); *McCaw Manufacturing Co.* v. *Felder & Rountree,* 115 *Ga.* 408 (41 S. E. 664); *National Surety Co.* v. *City of Atlanta,* 24 *Ga. App.* 732 (102 S. E. 175). It is not true, as insisted by the defendants, that "a contract, to be enforceable, must impose an obligation upon both parties." The rule that agreements which are optional and not binding on one party are also optional and not binding on the other applies only to agreements which are wholly executory and consist of mutual promises, each the consideration for the other. Rich *v.* Doneghey, 71 Okla. 204 (177 Pac. 86, 3 A.L.R. 352); Northwestern Oil & Gas Co. *v.* Branine, 71 Okla. 107 (175 Pac. 533, 3 A.L.R. 344). "Mutuality of obligation is not required where there is other consideration than a promise." 12 Am. Jur. 609, § 114. Where there is any other consideration for a contract so that each promise does not depend upon the other for consideration, mutuality of obligation is not essential. The mere fact that a contract may be unilateral or lacking in mutuality, in the sense that both contracting parties may not sue thereon or enforce it, does not render such a contract invalid if it be based upon a valid or valuable consideration flowing to the promisor, for if mutuality, in its broadest sense, were held to be an essential element in every valid contract, to the extent that both contracting parties could sue on it, there could be no such thing as a valid unilateral or option contract, a contract evidenced by a subscription paper, a contract to enforce a reward offer, a guarantee, or many other contracts made in ordinary business affairs. In 12 Am. Jur. 512, § 14, it is said: "The doctrine of mutuality is inapplicable to unilateral contracts. If the promisor has received a sufficient consideration, his promise is binding and may be aptly termed an obligation, even though the consideration is not a promise and the promisee is not obligated. Accordingly, where one makes a promise conditioned upon the doing of an act by another, and the latter does the act, the contract is not

void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration which renders the promise obligatory." See also 12 Am. Jur. 509, § 13. In Richardson v. Hardwick, 106 U. S. 252, 255 (1 Sup. Ct. 213, 27 L. ed. 145), it is said: "In suits upon unilateral contracts, it is only where the defendant has had the benefit of the consideration for which he bargained that he can be held bound." In Joy v. St. Louis, 138 U. S. 1, 50 (11 Sup. Ct. 243, 34 L. ed. 843), the principle is announced that, when a party has received payment for a privilege, it cannot resist the enforcement of that privilege on the mere ground that it cannot compel the other party to continue in its enjoyment. In *Redmond* v. *Sinclair Refining Co.*, 204 *Ga.* 699 (7) (51 S. E. 2d, 409), it is held: "An option founded on a consideration is a unilateral agreement binding from the date of its execution on the party who executes it; and after notice by the optionee to exercise his option rights, it becomes a bilateral contract binding on both parties." See also *Wilkinson* v. *Lee*, 138 *Ga.* 360, 364 (75 S. E. 477); *Lowery Lock Co.* v. *Wright*, 154 *Ga.* 867 (1-e) (115 S. E. 801); *Cooper* v. *Dixie Cotton Co.*, 144 *Ga.* 33 (86 S. E. 242); *Hardin* v. *Case*, 134 *Ga.* 813 (68 S. E. 648); *Hollingsworth* v. *Peoples Bank of Carrollton*, 179 *Ga.* 704 (3) (177 S. E. 743).

In the instant case, the petition alleges that the plaintiff furnished the equipment and made the improvements upon the filling-station property, which were accepted by the defendant operators of the filling station. The contract was, therefore, based upon a valid and valuable consideration moving from the plaintiff to and received by the defendants, and was not invalid as being unilateral and without mutuality. In Hendler Creamery Co. v. Lillich, 152 Md. 190 (136 Atl. 631, 60 A.L.R. 207), it is held that a contract by the terms of which a creamery company agrees to install free of cost a mechanical refrigerating plant in a drugstore, to remain for three years, in consideration of which the druggist agrees to buy and use the said company's ice cream and other frozen products during said term, exclusive of any other company's frozen products, and to refrain from and refuse permission for advertising any such commodities

other than the said company's is not void for lack of mutuality, although the creamery company does not agree to sell and furnish such products.

Nor is the contract so indefinite as to what petroleum products and the quantity thereof as to be incapable of enforcement. The contract provides that the defendants are to "sell only and purchase only for resale in the operation of said business, petroleum products handled by the party of the first part." The contract thus covers all of the petroleum products of the kind handled by them "in the operation of said business," and sold by the plaintiff. *McCaw Manufacturing Co.* v. *Felder & Rountree,* 115 *Ga.* 408 (2) (41 S. E. 664).

The petition stated a cause of action, and the trial court erred in sustaining the general demurrer thereto. See *Bishop* v. *McGuire,* 169 *Ga.* 349 (150 S. E. 92) ; *National Linen Service Corp.* v. *Clower,* 179 *Ga.* 136 (175 S. E. 460).

*Judgment reversed. All the Justices concur. Duckworth, C.J., concurs in the judgment only.*