34417. GUNTER BROTHERS INCORPORATED *v.* COOPER TIRE & RUBBER COMPANY.

DECIDED FEBRUARY 14, 1953.

*W. George Thomas,* for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith,* contra.

FELTON, J. A cross-action for damages for an alleged breach of contract which only alleges, as to the substance of such contract: "Defendant shows that on or about August 1, 1949, the plaintiff's agent and District Sales Manager, W. H. Roberts, did induce the defendant to give up their exclusive contract with American Oil Company, and did agree with the defendant that in consideration of giving up their exclusive contract with American Oil Company that the plaintiff herein would make the defendant herein their exclusive warehouseman to represent the Cooper Tire Company in the Southeastern territory, consisting of Eastern Tennessee, Alabama and Georgia, and as distributor for the State of Georgia," is subject to a general demurrer, the contract being unenforceable because it is unilateral and indefinite. The alleged contract is indefinite in that it provides no time for its existence, and it does not define the duties and obligations of a warehouseman or state distributor. It is unilateral in that the defendant did not agree to act as warehouseman and distributor even for an indefinite time, and it contains no mutual promises with respect to the obligations of each party. The mere giving up by the defendant of its exclusive contract with American Oil Company was not intended by the parties to be a consideration for the alleged contract with the plaintiff, as such

an act in and of itself would not have benefited the plaintiff. To make the contract bilateral, the parties were required to make definite and enforceable promises. A cross-action will not lie for the breach of the indefinite and unilateral executory agreement. *Mountain City Mill Co.* v. *Cobb,* 124 *Ga.* 937 (53 S. E. 458); *Harrison & Garrett* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730); *Foster* v. *Mack,* 180 *Ga.* 418 (179 S. E. 97); *Weill* v. *Brown,* 197 *Ga.* 328, 333 (29 S. E. 2d, 54). The case would be different if the defendant had sought to plant his case on his acceptance by acts of the plaintiff's offer or proposal, wherein the acceptance would have made the agreement binding on the plaintiff as to the acts performed. Assuming that an agency was created for an indefinite time, it was revocable by the plaintiff at will inasmuch as it was not coupled with an interest. *Wheeler* v. *Pan-American Petroleum Corp.,* 48 *Ga. App.* 378 (172 S. E. 826).

The court did not err in sustaining the general demurrer and in dismissing the cross-action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*