### 42624. PARKS et al. v. ATLANTA NEWS AGENCY, INC. et al.

SUBMITTED APRIL 4, 1967—DECIDED MAY 17, 1967—REHEARING DENIED JUNE 9, 1967—

*Glenville Haldi,* for appellant.

*Arnall, Golden & Gregory, Cleburn E. Gregory, Jr., Jonathan Golden,* for appellees.

BELL, Presiding Judge. A promise, to be enforceable, must be sufficiently definite as to both time and subject matter. *McCaw Mfg. Co. v. Felder,* 115 Ga. 408, 411 (41 SE 664). Where the corporate defendant's promise to furnish plaintiffs with a "timely allotment of best selling books and other current items," "normal trade credit," delivery service and advertising materials did not specify details as to the kind or quantity of the books and materials or the terms and amount of credit or when and where the goods were to be delivered and the period of time over which the promise was to be operative, the promise was too indefinite to be capable of enforcement. See *Hart v. Georgia R. Co.,* 101 Ga. 188 (28 SE 637); *Prior v. Hilton & Dodge Lumber Co.,* 141 Ga. 117, 119 (80 SE 559); *Weill v. Brown,* 197 Ga. Ga. 328, 333 (29 SE2d 54); *Gray v. Aiken,* 205 Ga. 649, 653 (54 SE2d 587); *Pierson v. General Plywood Corp.,* 76 Ga. App. 853, 856 (47 SE2d 605); *Gunter Bros. Inc. v. Cooper Tire & Rubber Co.,* 87 Ga. App. 626 (47 SE2d 744). Assuming arguendo that the promise to furnish books to plaintiffs had been sufficiently definite, yet there was nothing in the purported agreement which amounted to an obligation on plaintiffs' part to receive and sell them. In this respect the purported agreement was unilateral and, as to any unperformed portion of the agreement, unenforceable for

want of mutuality. See *Morrow v. Southern Express Co.,* 101 Ga. 810, 813 (28 SE 998); *Harrison & Garrett v. Wilson Lumber Co.,* 119 Ga. 6, 9 (45 SE 730); *Huggins v. Southeastern Lime &c. Co.,* 121 Ga. 311, 313 (48 SE 933); *Chappell v. F.A.D. Andrea, Inc.,* 41 Ga. App. 413, 417 (153 SE 218).

It was not a tort merely to refuse to continue the business relationship with plaintiff where that relation was terminable at will. Nor was it a tort to engage in the retail sale of books in the same locale as plaintiffs, to enter into an agreement for preferential prices to the Lenox Square Book Store, or to solicit the trade of plaintiffs' customers. *Pepsi Cola Co. v. Wright,* 187 Ga. 723, 728 (3) (2 SE2d 73). The cases of *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (50 SE 353); *American Oil Co. v. Towler,* 56 Ga. App. 866 (194 SE 223); and *Ott v. Gandy,* 66 Ga. App. 684 (19 SE2d 180) are distinguishable on their facts as the wrong in each of those cases arose from an unlawful combination, breach of contract, or inducement to another to breach a contract. The fourth division of *Pepsi Cola Co. v. Wright,* 187 Ga. 723, 728, supra, is not applicable, as no false representations or other unlawful means are involved here. "The policy of the common law has always been in favor of free competition. . . In the absence of prohibition by statute, illegitimate means, or some other unlawful element, a defendant seeking to increase his own business may cut rates or prices, allow discounts or rebates, enter into secret negotiations behind the plaintiff's back, refuse to deal with him. . ." Prosser on Torts (3d Ed.), p. 979. The petition failed to state a cause of action for malicious injury to plaintiffs' business by engaging in business in competition with plaintiffs or by refusing to continue to deal with plaintiffs. See also, *Braden v. Haas, Howell & Dodd,* 56 Ga. App. 342, 347 (192 SE 508).

Moreover, allegations showing that defendants repossessed books sent to plaintiffs on consignment fail to state a cause of action for trespass on personal property. The term "consignment," used in a commercial sense, ordinarily implies an agency, and denotes that property is committed to the consignee for care or sale. See Sturtevant Co. v. Cumberland Dugan & Co., 106 Md. 587 (68 A 351, 356); Edwards v. Baldwin Piano Co., 79

Fla. 143 (83 S 915, 918) ; *Payne v. American Agricultural Chemical Co.,* 66 Ga. App. 596 (2) (18 SE2d 635). Construing the petition against plaintiffs, as we are required to do on general demurrer, it appears that the books in question were merely entrusted to plaintiffs as agents of the corporate defendant for the purpose of selling them, title remaining in the defendant. Under these circumstances the defendant was empowered to revoke the agency at will (*Code* § 4-214 (1) ; *Wheeler v. Pan American Petroleum Corp.,* 48 Ga. App. 378 (172 SE 826)) and to take possession of its books by any lawful means.

It was not error to sustain defendants' general demurrer to the petition, which failed to state a cause of action on any theory.

*Judgment affirmed. Jordan and Pannell, JJ., concur.*