44196. REVLON, INC. v. HAGOOD PHARMACY, INC.

HALL, Judge. The defendant appeals from a judgment overruling its motion to dismiss the plaintiff's complaint.

The complaint alleged that the plaintiff was the owner and operator of a retail drug store, and that the defendant breached a pleaded "Retail Franchise Agreement" between the parties, and alleged further: The defendant refused to offer to the plaintiff a new, highly profitable and prestigious line of cosmetics, which it offered to the plaintiff's competitors. The defendant shipped large quantities of merchandise which the plaintiff had not ordered, overstocking the plaintiff, ignored the petitioner's requests to stop shipments and notices that the plaintiff would not accept deliveries and would not pay for the merchandise. The plaintiff shipped a huge amount of the merchandise back to the defendant. Thereafter the defendant failed to fill orders given by the plaintiff to the defendant's salesman and failed to give the plaintiff credit for the returned merchandise. In a telephone conversation the agent of the defendant informed the agent of the plaintiff that the franchise had been canceled. The defendant billed the plaintiff for merchandise for $1,110.32. Thereafter the defendant issued a credit memorandum to the plaintiff for $1,440.08. The defendant owes the plaintiff $333.76 more than the plaintiff owes the defendant, and continues to harass the plaintiff for payment and refuses to pay the plaintiff said sums.

The agreement reads in part, "Revlon will . . . make reasonable efforts to fill the retailer's normal retail requirements of any of its products, limited always by labor or material shortages and conditions of supply and demand and other circumstances beyond its control." The only other stated obligations of Revlon relate to advertising and promotion of its products. The agreement provides "Revlon or retailer shall have the right to terminate this agreement at any time without prior notice for any reason whatsoever."

The complaint does not show that the defendant breached any enforceable obligation contained in the agreement. *Pierson v. General Pulpwood Corp.*, 76 Ga. App. 853, 855 (47 SE2d 605); *Parks v. Atlanta News Agency*, 115 Ga. App. 842 (156 SE2d 137), cert. denied 115 Ga. App. 881. The complaint states a claim for relief for $333.76 allegedly owed by the defendant to the plaintiff, but states no claim for any other relief.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*
ARGUED JANUARY 14, 1969—DECIDED MAY 6, 1969—
REHEARING DENIED MAY 23, 1969.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., David R. Aufdenspring,* for appellant.

*Crowe & Martin, Arthur L. Crowe, Jr.,* for appellee.