### 56380. HICKS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals her conviction for the offense of prostitution. *Held:*

1. The state charged the defendant with prostitution, using an accusation alleging this misdemeanor. Defendant demurred on several bases and the trial court sustained the demurrer. "The sustaining of a special demurrer, the result of which is either to strike from or add to the material allegations of an indictment is equivalent to sustaining a general demurrer and quashing the indictment." *Gentry v. State,* 63 Ga. App. 275, 276 (11 SE2d 39). In the instant case one of the grounds was that the accusation did not contain the name of the person with whom the defendant was charged with committing the offense. It was added at the hearing on the demurrer. The defendant then requested the three days notice prior to arraignment, authorized by Code Ann. § 27-1401 (Ga. L. 1966, pp. 430, 431, 1977, pp. 1098, 1104). This request was denied and the trial proceeded.

The result we reach is controlled by *Hicks v. State,* 145 Ga. App. 669 (244 SE2d 597) which held that it was error to arraign the defendant over objection that the three-day notice provided for in Code Ann. § 27-1401 had not been provided when a procedure similar to this was followed. In fact, in both cases we have the same defendant, the same charge, the same defect, the same amendment to the accusation, and the same ruling by the trial court. Accordingly, we reach the same result. The conviction must be reversed.

2. The remaining enumerations of error are either moot, without merit, or are not likely to recur on a

subsequent trial.

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1978 — DECIDED OCTOBER 30, 1978.

*Elkins, Flournoy & Gemmette, James A. Elkins, Jr.,* for appellant.

*Robert G. Johnston, Solicitor, Kenneth M. Henson, Jr., Assistant Solicitor,* for appellee.