## 57099. WEDGEWOOD CARPET MILLS, INC. v. COLOR-SET, INC.

BIRDSONG, Judge.

Wedgewood Carpet Mills, Inc. brings this appeal from a directed verdict and judgment against it on its cross complaint in favor of the plaintiff below, Color-Set, Inc., and to the direction of verdicts in favor of the third-party defendants Davis and O'Mahoney.

The facts show that Wedgewood is a carpet manufacturer in Dalton. Color-Set is a wool skein dyer who had a patented process for dying wool in non-unique

colors but with a body to the yarn that made the dyed wool unique. Wedgewood entered into negotiations with Color-Set to establish fifteen different colors, three of which were already in use by other carpet manufacturers and twelve that were not available on the yarn market. Color-Set was to furnish the dyed yarn in these colors to no one except Wedgewood and in exchange, Wedgewood was to buy all the yarn for a particular carpet line from Color-Set. Wedgewood purchased approximately $63,000 worth of the various colors of yarn and prepared sample books for sale to numerous dealers in various parts of the United States. This purchase was paid in full by Wedgewood. Thereafter, Wedgewood sold samples to retail distributors and assured the distributors that they would have exclusive distribution of the carpet colors. Wedgewood then purchased in excess of $200,000 worth of yarn for carpet manufacture. Shortly after beginning production of the fifteen color designs, Wedgewood became aware that a yarn identically colored to one of the fifteen colors ostensibly set aside for Wedgewood by Color-Set, had been used in a competitor's carpet. Investigation disclosed that Color-Set had sold some of the exclusive yarn colors to the competitor of Wedgewood. This competitor sold in the same markets as Wedgewood and according to Wedgewood's evidence, this caused substantial loss of profit and was injurious to its business reputation because of the breach of Wedgewood's promise of exclusivity. Wedgewood refused to pay for approximately $134,367 of carpet purchased because of Color-Set's asserted breach of contract by violating Wedgewood's promise to exclusivity. Color-Set brought suit against Wedgewood seeking recovery of the amount due on account. Wedgewood answered denying any indebtedness and filed a counterclaim against Color-Set for breach of contract; and as third-party plaintiff, claimed against Davis and O'Mahoney as officers of Color-Set, for conspiring to interfere in the contract between Wedgewood and Color-Set. In net effect, Wedgewood admitted the indebtedness against it but contended that the amount of its counterclaim exceeded the indebtedness owed to Color-Set. The trial court granted summary judgment to Color-Set as to the basic

indebtedness but denied summary judgment as to the counterclaim and as to the third-party action against Davis and O'Mahoney. At the close of the evidence, the trial court granted a directed verdict to Color-Set as to Wedgewood's counterclaim and directed verdicts in favor of Davis and O'Mahoney on the claim that they conspired to interfere with Wedgewood's contract with Color-Set. At the beginning of the trial of the counterclaim, the trial court had denied a motion by Wedgewood to set aside the summary judgment previously rendered in favor of Color-Set on the open account and to require Color-Set to prove its damages. After entry of judgment, the trial court denied Wedgewood's motion for new trial. Wedgewood now brings this appeal, enumerating as error the refusal of the trial court to set aside the summary judgment in favor of Color-Set, the direction of verdicts in favor of Color-Set as to the counterclaim and as to Davis and O'Mahoney, as well as the denial of the motion for new trial on the same grounds. *Held:*

1. We find no merit in the first enumeration of error. As granted, the summary judgment was denied finality by the trial court until the cross complaint and third party complaint had been settled. The parties consented to this order. The subsequent denial of the motion to set aside the summary judgment did not change the position of the parties. Wedgewood did not offer any evidence on the trial of the cross complaint to show that it had not ordered the $135,000 worth of yarn or that it had paid the amount allegedly owing. The judgment of the court remained in the bosom of the court pending the outcome of the cross complaint. Had Wedgewood prevailed in its actions against Color-Set and Davis and O'Mahoney, the trial court could have taken the necessary action to offset the indebtedness against Wedgewood's established losses.

It is an old and sound rule that error to be reversible must be harmful. *First Nat. Bank v. Am. Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). Where a plaintiff in error brings a case as here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the

complaining party. *Brown v. City of Atlanta,* 66 Ga. 71.

2. The validity of the next two enumerations of error (direction of verdict for Color-Set) depends upon whether the contract between Wedgewood and Color-Set was valid and binding. We find that it was not. The agreement provided that so long as Wedgewood wanted to purchase yarn, in any amount and at unstated prices, Color-Set was not only obligated to sell yarn to Wedgewood but that it could not sell similar yarn to any customer for the period of one year at any price at any location. The agreement did not require Wedgewood to make any purchase at all.

We find the ostensible agreement lacking in mutuality and against public policy.

In the first place, a promise to be enforceable must be sufficiently definite as to subject matter. Color-Set apparently agreed to furnish Wedgewood with its unique yarn whenever Wedgewood wanted to purchase the same. There was no agreement in specific detail as to the quantity of yarn, the terms and amount of credit or when or where the goods were to be delivered. We find such a contract too indefinite to be capable of enforcement. *Gray v. Aiken,* 205 Ga. 649, 653 (54 SE2d 587); *Weill v. Brown,* 197 Ga. 328, 333 (29 SE2d 54); *Gunter Bros. v. Cooper Tire &c. Co.,* 87 Ga. App. 626 (74 SE2d 744); *Pierson v. Gen. Plywood Corp.,* 76 Ga. App. 853, 856 (47 SE2d 605). Furthermore, there was nothing in the purported agreement which amounted to an obligation on Wedgewood's part to purchase any quantity beyond the sample lot. In this respect, the purported agreement was unilateral and, as to any unperformed portion of the agreement, unenforceable for want of mutuality. *Parks v. Atlanta News Agency,* 115 Ga. App. 842, 844 (156 SE2d 137). See *Huggins v. Southeastern Lime &c. Co.,* 121 Ga. 311, 313 (48 SE 933); *Sealtest So. Dairies Division v. Evans,* 103 Ga. App. 835, 837 (120 SE2d 887). The fact that quantities from time to time were purchased by Wedgewood from Color-Set did not convert the agreement into a bilateral contractual obligation in the future, because such purchases still did not obligate Wedgewood to the purchase of any definite quantities. *Sealtest So. Dairies Division v. Evans,* supra, p. 838. See also *Chappell v. F. A. D. Andrea, Inc.,* 41 Ga. App. 413 (153 SE 218).

Furthermore, Georgia law provides that contracts which tend to lessen competition or which are in restraint of trade are against public policy and are void. Georgia Constitution Art. IV, Par. I (Code Ann. § 2-2701 (rev. 1973)); Code Ann. § 20-504. Nevertheless, a contract may be upheld if the restraint is reasonable and the contract is valid in other respects. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, 802 (51 SE2d 669). While there are other factors that are involved in the reasonableness of the restraint of trade or tend to lessen competition (see *Coffee System of Atlanta v. Fox,* 226 Ga. 593, 595 (176 SE2d 71)), we find a clear violation from the lack of limitation as to territorial effect. This purported contract prohibited Color-Set from selling twelve colors of its product at all except to Wedgewood, admitting of no exceptions. Such a contract is overly broad, and the result is that it is not enforceable in this regard. See *Fuller v. Kolb,* 238 Ga. 602 (234 SE2d 517); *Durham v. Stand-By Labor of Ga.,* 230 Ga. 558, 562 (198 SE2d 145). Because the territory in which Color-Set was precluded from merchandising its product was too expansive, the restrictive covenant, the violation of which constituted the alleged breach of contract, also was too indefinite to be enforced by the courts. *Britt v. Davis,* 239 Ga. 747, 750 (238 SE2d 881). These two enumerations are without merit.

3. The enumeration of error alleging that the trial court erred in directing a verdict for Davis and O'Mahoney likewise must fail. In order for Wedgewood to recover for unlawful interference with its contractual relations with Color-Set, there must have been an enforceable contract existing between the parties. The alleged breach induced by Davis and O'Mahoney related to a unilateral contract and allegedly arose from the very part that has been determined to be unduly restrictive, and thus unenforceable, in Division 2 of this opinion. It follows that the trial court did not err in directing a verdict for Davis and O'Mahoney.

4. Inasmuch as the motion for new trial was based upon the same grounds discussed in this opinion, the trial court likewise did not err in denying Wedgewood's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 26, 1979 — REHEARING DENIED MARCH 20, 1979.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Erwin Mitchell, William T. Boyett,* for appellant.
*Kinney, Kemp, Pickell, Avrett & Sponcler, John T. Avrett,* for appellee.