73899—73903. JAM BONDING COMPANY, INC. v. STATE OF
GEORGIA (five cases).

(356 SE2d 551)

BEASLEY, Judge.

These five companion appeals involve the forfeiture of misde-
meanor recognizance bonds. In each case the parties stipulated the
following facts.

"On August 29, 1986, the above-styled matter came on for hear-
ing in the form of a Rule Nisi for Forfeiture of Recognizance at which
time the defendant/surety was ordered to appear and show cause why
final judgment of forfeiture of bail should not be entered against it in
the amount of the bond executed by the defendant/surety in said
matter.

"The state presented as its evidence the original bond contract
executed between the state and principal and surety, also presented
was the original Rule Nisi issued in the matter.

"The defendant/surety raised as its objection to judgment, the
failure of the clerk of court, at least three days prior to the date set
for arraignment, to mail notice of arraignment to the defendant/
surety as required by OCGA § 17-7-91.

"It was stipulated by the parties and accepted by the court that
the clerk of state court in fact does not send notice of arraignment to
the surety on bonds as required by OCGA § 17-7-91 and that in the
instant case, no notice was sent by the clerk to the defendant/surety.
It was further stipulated that it is the practice of agents for Jam
Bonding Company, Inc. to obtain a copy of the court's arraignment
calendar at least three days in advance of arraignment.

"At the conclusion of the hearing, the court rendered judgment
in favor of the state against the defendant/surety in the face amount
of the bond."

This was amended to add: "[N]otice of arraignment is, in fact,
mailed to the defendant/principal at least three days prior to arraign-
ment, although not to the surety."

The surety asserts that because bonds are strictly construed in
favor of the surety, the failure of the clerk to send notice to it as
required by OCGA § 17-7-91 (a), as provided by amendment in 1982
(Ga. L. 1982, p. 1224, § 3), relieves it of any responsibility under the
bond.

This court has found the failure to give notice to the principal is
ground for reversal of his conviction. *Hicks v. State,* 145 Ga. App. 669
(244 SE2d 597) (1978); *Hicks v. State,* 147 Ga. App. 814 (1) (250
SE2d 558) (1978); *Presnell v. State,* 159 Ga. App. 598 (284 SE2d 106)
(1981). However, it should be recognized that OCGA § 17-7-91 (c)
permits an accused to waive notice by appearance.

Here the surety does not contend that it did not have actual no-

tice, indeed it concedes that it did. As a matter of fact, it got the same notice it would have gotten by mail, except at least a day or two earlier, and more directly than by mail. Thus it had even more time to assure defendant/principal's presence, albeit this was occasioned by its own diligence. Since it had actual notice by way of the court's calendar, the failure to *mail* notice to it by the court clerk cannot be used as a basis for avoidance of the bond obligation. If the omission had resulted in no notice having been given the surety, a different result might be reached. However, under the circumstances there was no reversible error, as there was no harm. *Wedgewood Carpet Mills v. Color-Set*, 149 Ga. App. 417, 419 (1) (254 SE2d 421) (1979); *Keno v. Alside*, 148 Ga. App. 549, 552 (3) (251 SE2d 793) (1978).

*Judgments affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 10, 1987.

*Steven E. Lister*, for appellant.
*John C. Carbo III, Solicitor*, for appellee.