## NAYLOR v. COMMISSIONER OF INTER-NAL REVENUE.

### No. 14246.

United States Court of Appeals Fifth Circuit.

April 3, 1953.

John E. Simpson and Alex P. Gaines, Atlanta, Ga., for petitioner.

Maryhelen Wigle, Carolyn R. Just, Robert N. Anderson, Sp. Assts. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Charles W. Davis, Chief Counsel, Bur.Int. Rev., and W. Herman Schwatka, Sp. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This proceeding involves an alleged deficiency in petitioner's income taxes for the year 1946. The question presented is whether a fee of $28,000 paid an attorney for his services in September, 1946, was deductible from gross income as a non-business expense under section 23(a)(2) of the Internal Revenue Code, 26 U.S.C., or was allowable to petitioner only as a selling expense in his computation of capital gain realized on the sale of his corporate stock.

The pertinent facts are undisputed and largely stipulated. Briefly stated, they are as follows: In August, 1946, the taxpayer owned 2000 shares of stock of the Lane Drug Stores, Inc., which it had offered to sell to the Interstate Drugs, Inc., hereinafter referred to as Interstate. The offer to sell was in the form of an option given Interstate by petitioner in a contract between the parties, dated June 1, 1942. By letter of August 23, 1946, the Interstate Company advised petitioner that in view of its agreement to sell all the stock of Lane Drug Stores, Inc., it would be necessary for it to repurchase at "the book value as of July 31, 1946" the shares held by petitioner. Subsequently, by letter dated September 4, 1946, the Company gave petitioner formal notice of the exercise of its option. The option agreement provided that Interstate should pay for such shares so purchased the net asset value thereof as shown by the books of Lane Drug Stores, Inc., on the last day of the month preceding the date on which the purchase or sale was consummated.

The exercise on September 4, 1946, by the Company of its undisputed right to purchase petitioner's stock effectively

converted the agreement of June 1, 1942, into a binding contract of sale, since it constituted an acceptance of petitioner's outstanding offer to sell; but a dispute arose between the parties as to the net asset value of the shares as shown by the books of Lane Drug Stores on the last day of the month preceding the date on which the purchase or sale was consummated. The option agreement repeatedly referred to the purchase or sale as being "consummated" when the party formally exercised its right to purchase said stock.

Since the sale was consummated except as to the delivery of the stock and the payment of the purchase price, the petitioner did not need and did not employ a broker to sell his stock, but employed a lawyer to negotiate, and if necessary to sue, for the purchase money due him under the contract. The Interstate Company had previously given notice to the petitioner that it was exercising its option to buy this stock for $440,000, the asserted option price. The amount paid his attorney by petitioner was for services leading to the petitioner receiving $580,000 for delivering his stock to the purchaser under the option. This was $140,000 above the price at which the Company had purported to exercise its option.

There was no dispute about the title to the stock or petitioner's duty to deliver it. The controversy was over the amount due him upon delivery thereof. The situation called for the services of an attorney to collect the proceeds of a sale of a capital asset. Petitioner's attorney was employed after an enforceable contract of sale existed. The gain realized by petitioner upon the disposition of his stock was income collected within the meaning of Section 23(a)(2) of the Internal Revenue Code. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171; Redmond v. Sinclair Refining Co., 204 Ga. 699(7), 51 S.E.2d 409; Crawford v. Baker, 207 Ga. 56, 61, 60 S.E. 2d 146; Williston on Contracts, Rev.Ed. (1936), Sec. 25; 49 Am.Jur., Specific Performance, Sec. 131; 22 A.L.R. 1032, 1041 (c); 13 A.L.R. 920, 926(c). Cf. Heller v. Commissioner, 9 Cir., 147 F.2d 376, certiorari denied, 325 U.S. 868, 65 S.Ct. 1405, 89 L.Ed. 1987.

Reversed, and remanded to the Tax Court for further proceedings not inconsistent with this opinion.