**Eugene L. ROSE and Vivian Rose, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 69 C 2543.**

United States District Court, N. D. Illinois, E. D.

Oct. 8, 1971.

Maurice P. Raizes, Cohon, Raizes & Regal, Chicago, Ill., for plaintiffs.

William J. Bauer, U. S. Atty., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

This is a suit for a refund of income taxes. The facts pertinent to the disposition of this case are as follows:

In May of 1962 plaintiff, Eugene L. Rose entered into a contract wherein he agreed to sell his stock in Gene Rose Co., Inc. to M. S. L. Industries, Inc. (MSL) for a certain sum in cash, a specific number of shares of MSL common stock, for additional consideration contingent upon the earnings of Gene Rose Company, Inc. over a four year period, and for an employment contract covering a seven year period. In addition MSL entered into a note with plaintiff, which is the focal point of this case, for the amount of $750,000.00 payable over a period of six years, commencing on July 1, 1962 and terminating on April 1, 1968, without interest and in twenty-four quarterly installments of $31,250.00 each. Plaintiffs duly reported this transaction in their 1962 federal income tax return and treated the gain arising therefrom as a long-term capital gain. Subsequently, in 1965, about two and one-half years after the contract was consummated and when the face amount of the outstanding fourteen payments of the note payable by MSL to plaintiff under the contract of May 29, 1962 amounted to $437,500.00, a dispute regarding operating policies arose between Eugene Rose and MSL. The dispute was settled on June 25, 1965 whereby Rose agreed to accept a lump-sum payment of $368,065.09 in cash in exchange for the aforementioned outstanding note, the difference between the face amount of the note and the cash settlement being $69,433.91. In their income tax return for 1965 plaintiffs claimed a deduction of this $69,433.91 as an "interest" expense, and computing their tax liability based on that deduction paid their 1965 tax.

Subsequent to an audit in 1969 by the Internal Revenue Service, with respect to the plaintiff's income tax liabilities for the year 1965, a deficiency plus interest was assessed the reason given being that the $69,433.91 deducted on the settlement of the outstanding Rose-MSL note as an "interest" expense and thus as an ordinary deduction was incorrect in that it should have been deducted instead as a capital loss.

Plaintiffs paid the deficiency, filed a claim for refund which was disallowed by the District Director of Internal Revenue, and consequently brought this suit to recover the deficiency paid as a result of the Internal Revenue Service's designating the $69,433.91 loss on the settlement of the note as a capial loss rather than an ordinary loss. The case was heard by this Court on July 15, 1971 and supporting briefs were subsequently

filed by both sides. We are presently prepared for final disposition.

The basic issue in this case stripped of its nonessential arithmetic is whether the $69,433.91 loss resulting from the cash settlement of the Rose-MSL note was properly deducted either as an "interest" expense under § 163 of the Internal Revenue Code of 1954 or as an ordinary expense incurred for the production, collection, or conservation of income under § 212 of the Code, as the plaintiffs would have it, or whether the government is correct in contending that neither section of the Code applies and the deduction was therefor proper only as a capital loss since the note itself was a capital asset.

Having heard this cause and having examined the supporting briefs we find the government's position to be the correct one.

## INTERNAL REVENUE CODE § 163

■■ An interest expense has been defined as "the amount which one has contracted to pay for the use of borrowed money." Old Colony R. Co. v. Commissioner of Internal Revenue, 284 U.S. 552, 560, 52 S.Ct. 211, 214, 76 L.Ed. 484 (1932). Courts have been willing to recognize subtler forms of "payment for the use of borrowed money" as an interest expense even though the sum was not specifically denominated or labeled as "interest". However, even though the definition of "interest" will be expanded to include various manifestations of money-use, the requirement of a real "indebtedness" and a debtor-creditor relationship will usually be more strictly construed so as to exclude illusory or hypothetical lender-borrower situations. Plaintiff's case falls in the latter category. Had Rose been the debtor and MSL the creditor a threshold argument for the deduction of the amount in issue as an interest expense might have been entertained. However, plaintiff's supposition (Plaintiff's Brief, p. 6) which would have us transpose the roles of the parties in this case so that Rose would be viewed as debtor and MSL as creditor, supposes far too much and merely beclouds the reality—*that Rose is the creditor and MSL is the debtor*—with irrelevant and unconvincing hypotheses. There being no "indebtedness" from Rose to MSL the plaintiff's claim for a deduction under § 163 must fail.

## INTERNAL REVENUE CODE § 212

■ Plaintiff's claim for a refund under this section must likewise fail. We do not dispute plaintiff's contention that under certain circumstances an expense incurred in the production or conservation of income might apply to capital gains as well as to ordinary income. Plaintiff's error lies in his understanding not of the term "income" but rather of the term "expense". Thus he fails to recognize the very distinct line between an *intrinsic* change in the funds here in question which are an essential part of the original note transaction and situations where there is an expense *extrinsic* to the original fund such as lawyer's fees.

It is because of this misunderstanding that plaintiff cites such cases as Naylor v. Commissioner of Internal Revenue, 203 F.2d 346 (5th Cir. 1953) (Attorney's fees deductible as non-business expense incurred for the collection of income); and Doering v. Commissioner, 39 T.C. 647 (legal and bank expenses deductible as non-business expense incurred for collection of income.). Both of these cases involved extrinsic expenses which did not affect or partake of the fund in question and consequently the expense could be deducted under § 212. Unlike those instances the $69,433.91 difference between the original note and the settled amount involves a fundamental, intrinsic transformation of the capital fund itself. Plaintiff's supposition (plaintiff's Brief p. 12) that if Rose would have had to sue to collect the remainder due on the note he would have been able to deduct that cost as a § 212 expense is by the same token irrele-

vant since that cost would merely have been an extrinsic expense not unlike legal fees.

What then, if not a § 163 interest expense or a § 212 expense incurred for the production or conservation of income, is the $69,433.91 difference in the settled amount? It is simply as the government contends, an intrinsic transformation of a capital asset into a loss, that loss perforce retaining the capital character of that source from which it emanates. One need not delve too deeply into the transaction to discover that the note was a capital asset and consequently the $69,433.91 decrease in its value is a mere shifting of that amount from the asset side to the loss side of the same capital ledger. The Internal Revenue Service therefore correctly disallowed the loss as an ordinary one and required it to be listed as a capital loss.

Judgment is entered for the United States of America and against plaintiffs, Eugene L. Rose and Vivian Rose.