IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 7, 2004 Session

## SHARON TAYLOR  v.  DOUGLAS BUTLER and CITY AUTO SALES

**Appeal by Permission from the Court of Appeals, Western Section**
**Chancery Court for Shelby County**
**No. CH-02-0287-3     Hon. D. J. Alissandratos, Judge**

---

**No. W2002-01275-SC-R11-CV - Filed August 31, 2004**

---

JANICE M. HOLDER, J., concurring in part and dissenting in part.

I concur in the majority's holding that Taylor's claim for fraudulent inducement of the contract must be submitted to arbitration because the contract's arbitration provision covers "all claims, demands, disputes or controversies" and specifically states that it is governed by the Federal Arbitration Act.  I write separately, however, because I disagree with the majority's decision to address the issue of unconscionability and with its conclusion that the arbitration provision in this case is unconscionable.

Unconscionability was not alleged in the pleadings, was not tried, and was not raised in the Court of Appeals.  This line of argument appears for the first time in Taylor's brief to this Court. Therefore, I would hold that the issue was waived.

Moreover, even if the issue of unconscionability had not been waived, I disagree with the majority's conclusion that the arbitration provision in this case is unconscionable.  The contract requires Taylor to arbitrate all of her claims against City Auto, while providing that:  "Dealer, however may pursue recovery of the vehicle under the Tennessee Uniform Commercial Code and Collection of Debt due by state court action."  The majority concludes that this arbitration agreement is unreasonably favorable to City Auto and oppressive to Taylor.  I am not persuaded by the majority's analysis.

In my view, the mere fact that there are different forums available to the parties in this case does not make the arbitration provision unconscionable.  Other jurisdictions have held that an arbitration provision granting one party the option to litigate its claims while binding the other party to arbitrate all of its claims is not unconscionable.  See, e.g., Harris v. Green Tree Fin. Corp., 183 F.3d 173, 183 (3d Cir. 1999); Pate v. Melvin Williams Manufactured Homes, Inc. (In re Pate), 198 B.R. 841, 844 (Bankr. S.D. Ga. 1996); Ex parte McNaughton, 728 So. 2d 592, 599 (Ala. 1998);

Conseco Fin. Servicing Corp. v. Wilder, 47 S.W.3d 335, 343-44 (Ky. Ct. App. 2001). A contract is unconscionable where the "inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Haun v. King, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984) (quoting Brenner v. Little Red Sch. House, Ltd., 274 S.E.2d 206, 210 (N.C. 1981)). Although the arbitration agreement requires Taylor to arbitrate all of her claims while providing a judicial forum to City Auto for certain claims, in my opinion this lack of symmetry does not rise to the level of being shocking or unfairly oppressive. Instead, it is not unreasonable for Taylor to agree to forego arbitration of a claim, such as the recovery of a vehicle, that can be decided expeditiously in a judicial forum. See Conseco Fin. Servicing Corp., 47 S.W.3d at 343. Furthermore, there is no basis to presume that arbitration will not afford Taylor an adequate opportunity to present her claims. See id. at 344. I am of the opinion that the arbitration provision at issue should be enforced according to its terms. Therefore, I would affirm the trial court's dismissal of Taylor's complaint.

_____
JANICE M. HOLDER, JUSTICE

2